## THE HOME INDEMNITY COMPANY
### *v.* WALKER ET VIR

[No. 279, September Term, 1970.]

*Decided February 4, 1971.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*M. Michael Cramer,* with whom were *Levitan, Cramer & Weinstein* on the brief, for appellant.

*C. Jefferson Dotson* for appellees.

SINGLEY, J., delivered the opinion of the Court.

In 1965, Mrs. Catherine Norris, whose liability insurance carrier was The Home Indemnity Company (The Home) was involved in an automobile accident with Mrs. Walker. Mrs. Norris notified The Home of the accident, and thereafter, an adjuster for The Home entered into settlement negotiations with the Walkers' attorney. When these led nowhere, the Walkers brought suit against Mrs. Norris in Prince George's County and obtained a default judgment. After an ex parte hearing on damages, judgments were entered against Mrs. Norris in amounts of $15,000 in favor of Mrs. Walker and $4,274.67 in favor of Mr. Walker. When The Home refused to pay the judgments, the Walkers brought suit for $19,274.67, with interest and costs. From a judgment against it in this amount, The Home has appealed.

The Home endeavors to buttress its position, as it did below, by the argument that the provisions of the policy required Mrs. Norris to forward to the company any "notice, summons or other process" received by her, and that failure to do so relieved The Home of liability under the policy.

Germane to a consideration of this contention are the provisions of Code (1957, 1968 Repl. Vol.) Art. 48A, § 482:

> "Where an insurer seeks to disclaim coverage
> on any policy of liability insurance issued by it,
> on the ground that the insured or anyone claim-

ing the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving requisite notice to the insurer, such disclaimer shall be effective only if the insurer establishes, by a preponderance of affirmative evidence that such lack of co-operation or notice has resulted in actual prejudice to the insurer."

It is against the mandate of the statute that the facts relied upon by both The Home and the Walkers must be tested.

James H. Lewis, a senior claims adjuster for The Home, called as its witness, testified that he received notice of the accident from Mrs. Norris; interviewed her; investigated the case, and endeavored to negotiate a settlement with the Walkers' attorney.

Mr. Dotson, the Walkers' attorney, testified that when it became apparent that no settlement could be reached, he filed suit in Prince George's County against Mrs. Norris on 17 April 1967, and discovered that Mrs. Norris had left the state. Sometime thereafter, Mr. Dotson had a telephone conversation with Mr. Lewis. Mr. Dotson said:

"At that time I told him [Lewis] that I had filed suit and I could not find Mrs. Norris and I asked him to tell me where she was, and he jokingly said, 'I'm not going to tell you where she is, but I suggest you get yourself a detective and find her.'"

Mr. Dotson said that he did locate Mrs. Norris in California and effected service by both registered mail and through the local sheriff.[1] Settlement negotiations continued, he said, and he took his default judgment on 1 July 1968. On 9 August he wrote to Mr. Lewis:

"Please be advised that at great expense I have been able to locate and serve Catherine Norris,

1. The validity of this service was not challenged by Mrs. Norris or the Home.

defendant in the above case, with our suit papers. Additionally, on the 1st day of July 1968, I obtained a judgment by default against Mrs. Norris and the case is presently set for ex parte hearing on proof of damages on August 26, 1968. "I am sure you would like time to re-examine your file, etc. and possibly to increase your offer for an out-of-court settlement. Perhaps you would like to ask the Court for a continuance in the case.

"Subject to approval of my clients, if you believe you may be otherwise prejudiced in the matter, we will consider vacating our default judgment. However, we consider this case extremely important and worth far more than the possible limits of the policy you have written for Mrs. Norris.

"Please call me at your earliest convenience.

"With kindest regards, I am

Very truly yours,
/s/ C. Jefferson Dotson."

Settlement negotiations finally terminated in December, 1968, and the judgments were entered in January, 1969.

Mr. Lewis maintained that he first knew that suit had been filed when he received the letter of 9 August, and did not remember, but did not deny that he suggested the employment of a detective in the telephone conversation.

The Home makes much of the fact that it received written notice of the filing of the suit "after it was too late to do anything about it," and that this mounted up to the prejudice recognized by Code Art. 48A, § 482. This argument loses much of its force, however, when considered in the light of the fact that settlement negotiations had been going on for two years or more and that Mr. Dotson made an offer, albeit conditional, to vacate the default judgment: a proposal which seems never to have been followed up.

Before the enactment of Chapter 185 of the Laws of 1964, which became effective 1 June 1964, the progenitor of present Code, Art. 48A, § 482, compliance by the insured with the policy requirement that the insured give written notice of the accident and forward suit papers to his insurer was a condition precedent to the insurer's liability, whether or not the insurer was prejudiced, *Watson v. United States Fidelity & Guar. Co.,* 231 Md. 266, 189 A. 2d 625 (1963) ; *Employers' Liab. Assurance Corp. v. Perkins,* 169 Md. 269, 283-84, 181 A. 436 (1935), the latter case being typical of a line of authority relied on by The Home. However, a different result obtained in the case where the insured failed to satisfy his obligation under a cooperation clause requiring him to make a fair, frank and truthful disclosure to his insurer. In such a case, the insurer had to show prejudice to avoid liability, *Fidelity & Cas. Co. of New York v. McConnaughy,* 228 Md. 1, 179 A. 2d 117 (1962). This apparent disparity was ended by Art. 48A, § 482 which affected the substantive right of the insurer to rely on lack of notice, absent the requisite proof of prejudice, *State Farm Mut. Auto. Ins. Co. v. Hearn,* 242 Md. 575, 582, 219 A. 2d 820 (1966) ; see, also, *Warren v. Hardware Dealers Mut. Fire Ins. Co.,* 244 Md. 471, 224 A. 2d 271 (1966).

On the evidence before it, the trial court was not clearly in error when it concluded that The Home had failed to establish, in the language of § 482, "by a preponderance of affirmative evidence that such lack of cooperation or notice has resulted in actual prejudice" to it, Maryland Rule 886. We see no reason to disturb the judgment.

*Judgment affirmed, costs to be paid by appellant.*