**NATIONWIDE INSURANCE CO.,**
**Appellant,**

v.

**UNITED STATES FIDELITY & GUARAN-**
**TY CO., a corporation, Appellee.**

**No. 6532.**

District of Columbia Court of Appeals.

Argued Dec. 5, 1972.

Decided May 4, 1973.

Donald J. Caulfield, Washington, D. C., for appellant.

Arthur V. Butler, Wheaton, Md., for appellee. Joseph C. Roesser, Wheaton, Md., also entered an appearance for appellee.

Before KELLY and FICKLING, Associate Judges, and HOOD, Chief Judge, retired.

KELLY, Associate Judge:

This appeal presents the question of what constitutes a showing of prejudice under Maryland law sufficient to relieve an insurer of liability on an automobile liability policy where its insured breaches the policy's cooperation clause.

In 1965 there was an automobile collision between vehicles owned and operated by Thomas Jones and Lacy Alvis. Passengers in the Alvis vehicle sued both drivers in the United States, District Court for the District of Columbia and recovered judgments totaling $13,000 against them. Alvis did not appear at trial. Prior to trial the attorney retained to undertake the defense of Alvis by appellee, his insurer, had sought to withdraw from the case, but was not allowed to do so by the court.[1] The entire judgment was paid by appellant, Nationwide Insurance Co. (hereafter Nationwide), Jones' insurer, and Jones obtained a judgment for contribution against Lacy Alvis for $6,500.

The present action was brought by Jones against appellee United States Fidelity & Guaranty Co. (hereafter U.S.F.&G.) in Superior Court. At a pretrial conference Nationwide was substituted as plaintiff following appellee's objection that Jones was not the real party in interest.

At trial, the parties stipulated that Maryland law applied because the contract between Alvis and U.S.F.&G. was made in that state. Appellant introduced a copy of the insurance policy and the judgment of contribution entered against appellee's insured and rested its case.

Appellee raised several defenses, the primary one being that Alvis had breached the cooperation clause of his policy[2] and

that under Ann.Code of Md.1957, 1972 Repl.Vol., Art. 48A, § 482, an insurer may disclaim coverage on any policy of liability insurance issued by it where the insured fails to cooperate, if the insurer establishes by a preponderance of the affirmative evidence that such lack of cooperation resulted in actual prejudice to the insurer. Testimony was adduced to show the steps taken by appellee to secure Alvis' presence for the purpose of taking his deposition and, later, to secure his appearance at trial. Arthur Butler, Esq., the attorney retained by the insurer to defend Alvis in the negligence action, also took the stand. He was qualified as an expert in the field of negligence law and testified on the subject of prejudice as follows:

> As I am sure counsel is aware and the Court is aware, when you try a case before a jury where you don't have the person in Court to testify as to what happened and to give his sworn testimony before the jury, it is a decided disadvantage and the fact that all the testimony in the case was by the plaintiffs and the co-defendant who was in the vehicle that was left on the highway. There was no testimony by our driver Mr. Alvis to rebutt [sic] it so there was no one and it was a one-sided picture put in evidence since we never had any deposition or discovery. We were frustrated in the defense of the suit and I believe prejudiced.[3]

The trial court found that "defendant has carried the burden of proof by a preponderance of affirmative evidence that the lack of cooperation by the insured Alvis resulted in actual prejudice to defendant insurer."[4] Appellant then moved for a new trial or an amendment of findings of

---

1. The court was told in detail how the insured failed to cooperate with the insurer and was informed that because it was prevented from preparing an adequate defense the insurer would not pay any judgment against the insured.

2. The cooperation clause required that the insured "attend hearings and trials

and assist in securing and giving evidence and obtaining the attendance of witnesses. . . ." R. at 27.

3. Tr. at 55.

4. R. at 58.

fact and conclusions of law, but the court denied the motion, reaffirming its earlier opinion and adding that U.S.F.&G. had not waived its policy defense by defending Alvis in the original trial.

Appellant now contends that the court below erred in finding (1) that appellee had affirmatively shown actual prejudice by a preponderance of the evidence and (2) that it had not waived its policy defense.[5]

Ann.Code of Md.1957, 1972 Repl.Vol., Art. 48A, § 482, the controlling statute, provides:

> Where any insurer seeks to disclaim coverage on any policy of liability insurance issued by it, on the ground that the insured or anyone claiming the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving requisite notice to the insurer, such disclaimer shall be effective only if the insurer establishes, by a preponderance of affirmative evidence that such lack of cooperation or notice has resulted in actual prejudice to the insurer.

Prior to its enactment in 1964, an insurer could avoid liability on a policy by showing that its insured had failed to comply with the policy requirement of giving written notice of the accident and forwarding suit papers to the insurer, whether or not the insurer was prejudiced. Where, however, the insured failed to satisfy his obligation under a cooperation clause requiring him to make a fair, frank and truthful disclosure to his insurer, the insurer had to show prejudice to avoid liability. The new code section ended this disparity by adding a requirement that the insurer show actual prejudice whenever a noncooperation defense is asserted.[6]

There is no question in the instant case as to the lack of cooperation by appellee's insured, Lacy Alvis. The testimony below affirmatively showed that he failed to appear for the taking of depositions and for trial, and that he left the jurisdiction without informing U.S.F.&G. of his whereabouts. Repeated efforts to secure his presence all ended in failure. Appellant alleges, however, that appellee did not carry its burden of affirmatively showing prejudice since even if Alvis had been present at the negligence trial, the outcome would have been the same. This argument is based on the fact that Alvis struck the stopped Jones vehicle from the rear, and that passengers in Alvis' car testified that Alvis had been drinking beer prior to the accident.

Although there are some cases which hold that "[t]he unreasonable failure of the insured to attend the trial and testify where he is a material witness is a breach of the cooperation clause, and . . . prejudicial per se"[7] this no longer seems to be the rule in Maryland.[8] In the instant case, however, where the record affirmatively shows that the insurer attempted in good faith to secure the presence of Alvis, that Alvis left the state and could not be found, that it was unable to obtain his deposition or attendance at trial, and that he was the sole witness for the defense, we cannot say that the trial court erred in finding that the insurer had been prejudiced.[9]

5. Appellee also contends that the trial court erred in several respects in failing to decide some of the issues raised by it in defense of this action, but no cross-appeal was filed. We would disagree in any event that these contentions of error have merit.

6. Home Indemnity Co. v. Walker, 260 Md. 684, 273 A.2d 429 (1971).

7. 8 Blashfield, Automobile Law and Practice, § 342.19 at 305 (3d Ed. 1966).

See also Indemnity Ins. Co. of North America v. Smith, 197 Md. 160, 78 A.2d 461 (1951).

8. Cf. Home Indemnity Co. v. Walker, supra note 6; Warren v. Hardware Dealers Mut. Fire Ins. Co., 244 Md. 471, 224 A.2d 271 (1966).

9. Because appellee was unable to produce Alvis for the taking of his deposition, it was precluded from taking the deposition of appellant's insured, Jones.

We also disagree with appellant's contention that the court below erred in holding that U.S.F.&G. had not waived its policy defense by having the same attorney represent Alvis in the negligence action and the insurer in the instant case. While the interests of Alvis and the insurer were undoubtedly no longer the same when the insurer decided to invoke its policy defense, and thus a question of a conflict of interest is raised,[10] we are bound by the ruling of the Maryland Court of Appeals that in such a situation the insurance company does not waive its right to disclaim liability for noncooperation or become estopped to do so.[11]

Affirmed.

---

10. Specific objection to the attorney's taking the stand was not based upon DR 5–102, ABA Code of Professional Responsibility (1970).

11. Fidelity and Cas. Co. of N. Y. v. McConnaughy, 228 Md. 1, 179 A.2d 117 (1962).