Diane OLIFF–MICHAEL

v.

## MUTUAL BENEFIT INSURANCE CO.

### No. CIV.A. WMN–01–72.

United States District Court,
D. Maryland.

Jan. 15, 2003.

Steven T Cain, Cain and Wyrough PC, Upper Marlboro, MD, for Danny Casey.

Jay Paul Holland, Joseph Greenwald and Laake PA, Greenbelt, MD, for Diane Oliff-Michael.

William Carlos Parler, Jr., Parler and Wobber LLP, Towson, MD, for Mutual Benefit Ins.

## MEMORANDUM

NICKERSON, Senior District Judge.

Before the Court is Defendant's Motion for Summary Judgment (Paper No. 48). The motion is ripe for decision. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that Defendant's motion will be denied.

## I. BACKGROUND

On December 23, 1998, Plaintiff's house caught fire and was destroyed. At the time of the fire, Plaintiff was covered by a homeowner's insurance policy ("Policy") issued by Defendant. Subsequent to the fire, Plaintiff filed claims with Defendant for loss of her residence, loss of her personal property contained therein, and for loss of use of the property, including ongoing living expenses. *See* Complaint at ¶ 7.

In compliance with the requirements of her policy, Plaintiff provided Defendant with her personal property inventory on September 17, 1999 and underwent the required "examination under oath" on December 9, 1999. The examination under oath was not completed on that day, however, because Plaintiff failed to produce all of the records requested by Defendant. On December 14, 1999, Defendant reiterated its requests for records and forwarded a Records Release Authorization to Plaintiff's counsel. Def.'s Exh. 10, Letter by William C. Parler to Jay Holland, December 14, 1999. On November 28, 2000, Defendant notified Plaintiff that her claims were denied due to her failure to produce the requested documents, failure to provide a requested release for pertinent records,[1] and failure to make herself available for a completed examination under oath.

Plaintiff responded by filing suit in the Circuit Court for Anne Arundel County, Maryland. On January 10, 2001, Defendant removed the action to this Court. Defendant now moves for summary judgment arguing that it is not obligated to pay Plaintiff's claim because Plaintiff materially breached its contract with Defendant by: 1) failing to produce documents requested by Defendant; 2) failing to provide a requested release for pertinent records; and 3) failing to make herself available to complete an examination under oath and because Plaintiff reported false information to Defendant by: 1) intentionally concealing facts material to Defendant's investigation of her claim and 2) making false statements to Defendant by substantially misrepresenting the value of items on the personal property inventory submitted to Defendant.

## II. LEGAL STANDARD

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

1. Plaintiff asserts that she was willing to sign this release provided that Defendant sign a corresponding Confidentiality Agreement. Defendant refused to sign a Confidentiality Agreement. *See* Complaint at ¶ 8.

of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. In reviewing a motion for summary judgment, the court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Stanislaus v. White,* 192 F.Supp.2d 426, 433 (D.Md.2002) (quoting *Masson v. New Yorker Magazine,* 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991)). "When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper." *Kelso v. Corning Cable Systems Inter. Corp.,* 224 F.Supp.2d 1052, 1056 (W.D.N.C.2002)(citing *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir.1979)).

### III. DISCUSSION

■ Defendant first argues that Plaintiff "materially breached her obligations under her insurance agreement with [Defendant] and is, therefore, not entitled to coverage under the policy." Def.'s Mot. at 11. Maryland law states:

> An insurer may disclaim coverage on a liability insurance policy on the ground that the insured ... has breached the policy by failing to cooperate with the insurer or by not giving the insurer required notice only if the insurer establishes by a preponderance of the evidence that the lack of cooperation or notice has resulted in actual prejudice to the insurer.

Md.Code Ann., Insurance, § 19–110 (2002).[2] Defendant discusses in great detail Plaintiff's alleged breaches of the contract conditions. *See* Def.'s Mot. at 11–15. Under section 19–110, an insurer can avoid liability in this circumstance only if it can demonstrate by a preponderance of the evidence that the failure to cooperate caused actual prejudice to the insurer. *Home Indem. Co. v. Walker,* 260 Md. 684, 688, 273 A.2d 429 (1971). Alleging only possible, theoretical, conjectural, or hypothetical prejudice is not enough to satisfy section 19–110; prejudice cannot be surmised or presumed from the mere fact of delay. *Commercial Union Ins. v. Porter Hayden Co.,* 116 Md.App. 605, 698 A.2d 1167, 1197 (1997). In the instant action, Defendant has not alleged that it suffered any sort of prejudice as a result of Plaintiff's alleged breach of contract conditions.

■ Second, Defendant argues that Plaintiff "willfully, knowingly, and intentionally reported false information to Mutual Benefit in the course of Mutual Benefit's investigation, rendering the policy void." Def.'s Mot. at 15. Plaintiff "denies any wrongdoing, and also denies any misrepresentation and/or false swearing, not to mention any intention to defraud." Pl.'s Opp. at 6 (citing Pl.'s Exh. A, Oliff–Michael Aff.). Questions of fraud are fact-specific and generally involve dramatically opposite positions of the parties on the interpretation of the factual issues as applied to the law. *See* 17 Couch on Insurance 3d, § 247:26. In the instant case, resolution of the issues of fact depends upon a determination of credibility, and this is not the proper stage of litigation for those credibility determinations.

---

**2.** " 'A homeowner's policy is a personal comprehensive liability policy which is designed to protect against risks which are home-oriented.' " *Pedersen v. Republic Ins. Co.,* 72 Md.App. 661, 532 A.2d 183, 188 (1987) (quoting *Insurance Co. of North America v. Waterhouse,* 424 A.2d 675, 680 (Del.Super.Ct.1980)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be denied. A separate order consistent with this memorandum will issue.

### ORDER

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this      day of January 2003, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant's Motion for Summary Judgment (Paper No. 48) is hereby DENIED;

2. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.