# GOVERNMENT EMPLOYEES INSURANCE COMPANY *v.* IASSIAH HARVEY AND GENEVA HARVEY

[No. 19, September Term, 1976.]

*Decided November 29, 1976.*

*Motion for reconsideration filed January 24, 1977; denied February 18, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ORTH, JJ.

*Thomas Waxter, Jr.*, with whom were *William F. Gately* and *Semmes, Bowen & Semmes* on the brief, for appellant.

*Myles R. Eisenstein* for appellees.

MURPHY, C. J., delivered the opinion of the Court.

This appeal draws into question the proper application of provisions contained in a Personal Injury Protection amendment (the PIP endorsement) to a policy of automobile liability insurance issued by appellant Government Employees Insurance Company (GEICO) to appellee Geneva Harvey pursuant to Maryland Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.), Art. 48A, § 539.

Section 539 provides that no policy of motor vehicle liability insurance may be issued after January 1, 1973, unless it affords minimum medical, hospital, disability and loss of income benefits up to $2,500 (the PIP coverage) for the named insured and for other designated individuals injured in a motor vehicle accident. Section 540 provides that the benefits required under § 539 shall be payable without regard to fault. Section 544 (a) (1) provides that the PIP coverage required by § 539 "may prescribe a period of not less than six months after the date of accident within which the original proof of loss with respect to a claim for benefits must be presented to the insurer."

Consistent with the provisions of § 544 (a) (1), the PIP endorsement to GEICO's policy issued to appellee contained this condition: "Medical Reports; Proof of claim. As soon as practicable, within a period not to exceed 6 months after the date of the accident, the injured person . . . shall submit to the Company written proof of claim including full particulars of the nature and extent of the injuries and treatment received and contemplated . . . ." [1] The policy provided that "proof of claim" shall be made upon forms furnished by the company. The policy also provided that "No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this amendment."

Appellee, while operating her automobile, on December 24, 1973, was involved in an accident and sustained personal injury. On January 2, 1974, she mailed a "Report of Accident" form to GEICO, advising it of the accident in accordance with the "Notice" provision in her policy. By letter dated January 8, GEICO acknowledged receipt of the accident report and sent the appellee "our forms for Benefits Under The Economic Loss Protection." In its letter to appellee, GEICO concluded that "Should you wish to use this protection, please complete the enclosed forms and return them to us as soon as possible." The forms enclosed with GEICO's letter consisted of (1) an "Application for Benefits — Economic Loss Protection"; (2) a "Wage and Salary Verification" form; and (3) an "Attending Physician's Report."

The appellee engaged an attorney to represent her with respect to her claims arising from the accident. On February 26, GEICO directed correspondence to appellee's attorney relative to the filing of a PIP claim; GEICO advised appellee's attorney that "should you desire to make a claim under the Personal Injury Protection portion of the policy, proof of claim must be submitted to the Company, on the forms provided, prior to a period of six months from the date

---

1. This condition was separate and distinct from that requiring the insured to give the insurer written notice of the accident "as soon as practicable."

of the accident." This correspondence also enclosed another set of GEICO PIP proof of claim forms.

On May 30, 1974, GEICO again corresponded with appellee's attorney; it reminded him that "we have not heard from you as to your intentions regarding this [PIP] coverage" and advised him that "the law states that you have six months from the date of the accident in which to submit a claim."

The six-month period following the date of the accident expired on June 27, 1974. As of that date, no proof of claim for PIP benefits had ever been presented to GEICO. On August 13, 1974, appellee's attorney submitted to GEICO an executed Application for Benefits form signed and dated by the appellee on the same date, together with a Wage and Salary Verification statement and the Attending Physician's Report.

GEICO denied appellee's claim for PIP benefits on the basis of her failure to provide the requisite proof of claim within six months from the date of the accident. Suit was thereafter instituted in the District Court of Maryland, which rendered judgment in appellee's favor for $747.66. On appeal to the Baltimore City Court, the judgment was affirmed. The court there held that notwithstanding the provisions of § 544 (a) (1), which authorized insurers to require submission of the original proof of claim for PIP benefits within a period not to exceed six months after the accident, GEICO could not successfully disclaim liability upon a breach of its policy condition in view of § 482 of Art. 48A, which provided:

> "Where any insurer seeks to disclaim coverage on any policy of liability insurance issued by it, on the ground that the insured or anyone claiming the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving requisite notice to the insurer, such disclaimer shall be effective only if the insurer establishes, by a preponderance of affirmative evidence that such lack of cooperation

or notice has resulted in actual prejudice to the insurer."

The court concluded that § 482 was applicable to coverages under GEICO's PIP endorsement and encompassed within its provisions a failure to file proof of claim within the six-month period. It held that since the insurer had failed to demonstrate any prejudice, GEICO was liable to appellee even though the proof of claim was submitted after the six-month period had expired. We granted certiorari pursuant to Code (1974, 1976 Cum. Supp.), Courts and Judicial Proceedings Article, § 12-305.

We noted in *State Farm v. Hearn, Adm'x*, 242 Md. 575, 582, 219 A. 2d 820 (1966), that § 482 was enacted by chapter 185 of the Laws of Maryland of 1964 in response to the rule of law announced in *Watson v. U. S. F. & G. Co.*, 231 Md. 266, 189 A. 2d 625 (1963). *Watson* involved the failure of a named insured under a policy of automobile liability insurance to give the insurer timely notice of an accident as required by the express terms of the policy. Our predecessors held, in accordance with the great weight of authority, that the insurer was not liable because the insured failed to comply with a condition precedent of the policy to give notice of an accident as soon as practicable. The Court in *Watson* found no merit in the argument that even though the notice requirement was a condition precedent, the insurer could not disclaim liability unless it established that it was prejudiced by the failure to give the requisite notice.

As originally introduced before the General Assembly, § 482 provided that an insurance company was required to prove actual prejudice in an action under a motor vehicle liability insurance policy where it filed a disclaimer of insurance for "any reason." The words "any reason" were deleted from the bill prior to final passage. As amended and ultimately enacted, § 482 required insurance companies to prove actual prejudice only where the disclaimer was based on the insured's failure "to cooperate with the insurer or by not giving requisite notice to the insurer."

We think it clear from the history and language of § 482 that its provisions do not apply to insurance disclaimers grounded on the insured's failure to submit proof of loss within the time specified in the policy. That a proof of loss or claim is separate and distinct from a notice of accident is well recognized. A proof of loss enables the insurer to ascertain the nature, extent and character of the loss and to set reserves accordingly. *Empire State Ins. Co. v. Guerriero,* 193 Md. 506, 69 A. 2d 259 (1949). The chief purpose of a proof of loss "is to acquaint the insurance company with certain facts and circumstances relative to the loss, forming a basis for further steps to be taken by the company, ranging from full settlement to absolute repudiation of liability." *Fire Ins. Co. v. Merrick,* 171 Md. 476, 489, 190 A. 335 (1937). The insurer's right to a proof of loss, where required by the policy, has been characterized as "an important one to the insurer, and one in which it is to be protected." *Automobile Ins. Co. v. Thomas,* 153 Md. 253, 261, 138 A. 33 (1927). *See also* Appleman, *Insurance Law and Practice* § 3481, *et seq.* (1970); 8 Blashfield, *Automobile Law and Practice* § 331.5 (1966). GEICO's policy issued to the appellee in this case clearly distinguished between the required notice of an accident and the proof of claim; the provisions with respect to each were contained in separate paragraphs in the policy under the heading "Conditions."

By the plain and unambiguous words of § 544 (a) (1), insurers are authorized to prescribe a period of not less than six months after the date of the accident within which "the original proof of loss with respect to a claim for [PIP] benefits must be presented to the insurer." It is equally clear that GEICO's policy established a six-month period, as authorized by § 544 (a) (1), within which written proof of claim was required to be submitted, failing which "[n]o action shall lie against the Company."

We said in *Watson v. U. S. F. & G. Co., supra* that a policy of insurance is a contract "and when the language employed in it is unambiguous, such a policy is to be construed as other contracts." 231 Md. at 271. Our predecessors observed

in *Citizens' Ins. Co. v. Conowingo Co.*, 113 Md. 430, 77 A. 378 (1910), that a condition in an insurance policy requiring proofs of loss is a part of the contract, is binding upon both parties, and must be complied with unless waived. *Automobile Ins. Co. v. Thomas, supra* is to the same effect. These cases are consistent with the general rule that failure of the insured to comply with a policy provision requiring that proof of loss or claim be submitted within a specified time will prevent a recovery on the policy, unless compliance with the condition is waived by the insurer. *See* 7 Am.Jur.2d *Automobile Insurance* § 139 (1963); 44 Am.Jur.2d *Insurance* § 1454 (1969). *See also Home Indemnity Co. v. Walker*, 260 Md. 684, 273 A. 2d 429 (1971); *Lowitt v. Pearsall Chemical*, 242 Md. 245, 219 A. 2d 67 (1966); *Lennon v. Amer. Farm. Mut. Ins. Co.*, 208 Md. 424, 118 A. 2d 500 (1955).

In view of the cases, and of the express legislative authorization contained in § 544 (a) (1) permitting a time limit for submission of the original proof of loss, we think GEICO had a contractual right to deny liability based on appellee's failure to comply with the condition precedent requiring that proof of claim be made within six months after the accident. This is so, we hold, irrespective of prejudice and notwithstanding the fact that PIP coverage is compulsory. In so concluding, we note that GEICO's proof of claim procedure to recover PIP benefits is not a model of clarity. Of the three forms comprising the proof of claim documents sent to appellee, only the Application for Benefits form was to be completed by her; the Wage and Salary Verification statement and the Attending Physician's Report called for completion by others, with instructions that upon completion they be mailed directly to the insurer. While the time of completion and mailing of these latter two documents was not within the appellee's direct control, it is evident from a review of the "Application for Benefits" form that it was intended to constitute the basic and original proof of claim form required by the policy to be filed within the six-month period after the accident (subject to later supplementation, if necessary). Although repeatedly warned

by the insurer of the time requirement governing submission of the requisite proof of claim, the appellee failed to respond and consequently has forfeited her right to recover under the policy.

> *Judgment reversed; case remanded to the Baltimore City Court for entry of a judgment for costs for the appellant; appellees to pay costs.*