M. Stanley PODLEWSKI, Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.

No. A2600.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 1, 1981.

James D. Squier, Stovall, Wilhite & Gilbreath, Houston, for appellant.

Murray Fogler, Fulbright & Jaworski, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and JUNELL, JJ.

MILLER, Justice.

This is an appeal from a take-nothing judgment in a suit for personal injury protection benefits under an insurance policy issued by the Appellee (or Company). The parties stipulated to the trial court that Appellant (or Podlewski) was involved in an automobile accident which caused damages in excess of the policy limits; the insurance policy was in force and effect at all times material to the proceedings; and Appellee received oral notice of the fact of the accident within a few days of its occurrence. The Company sent to Podlewski the appropriate P.I.P. forms upon which to provide written proof of loss. They subsequently sent him a letter again requesting that the P.I.P. forms be completed and he did not return the completed P.I.P. forms providing written proof of loss until almost a year after the accident. The single issue to be determined is whether a condition contained in the insurance policy is consistent with Art. 5.06–3(d)(1) of the Insurance Code. The court below held that it is consistent. We affirm.

The provision of which Appellant complains reads:

CONDITIONS

\* \* \* \* \* \*

2. *Proof of Claim and Medical Reports*: As soon as practicable, and no later than six months after the date of the accident, the person making claim shall give to the Company written proof of claims . . .

Appellant argues that the above condition is inconsistent with the following provision of the Insurance Code:

The coverage described in this Act may prescribe a period of not less than six months after the date of accident within which the original proof of loss with respect to a claim for benefits must be presented to the insurer.

Tex.Ins.Code Ann., art. 5.06–3(d)(1) (Vernon Supp.1980–1981). Appellant contends this provision requires an insured to be given a full 180 days before he may be required to make proof of loss. He further contends the policy provision requires such written proof of loss to be given to the insurer no later than the 180th day, which is less than the period of time required by the Insurance Code. We disagree with this interpretation of the Insurance Code provision.

Art. 5.06–3(d)(1) requires a policy provision to prescribe a period of not less than six months within which proof of loss must be made. An insurance policy provision requiring an insured to give written proof of loss within a period of less than six months would be inconsistent with the requirements of the Insurance Code. Assuming, as Appellant suggests, that six months is 180 days, a policy provision requiring such proof of loss on or before the 179th day after an accident would be inconsistent with Art. 5.06–3(d)(1) because 179 days is less than six months. But a provision requiring such proof on or before the 180th day (i. e. not later than six months) prescribes a period which is not less than six months. Art. 5.06–3(d)(1) of the Insurance Code does not require six full months to pass after an accident before an insured

may be required to give proof of loss, but states plainly the policy may prescribe a period of not less than six months *within which* written proof of loss must be provided.

The policy provision complained of allowed Appellant a period of not later than six full months after the accident within which to give written proof of loss to the insurer in order to be eligible for the personal injury protection benefits. Such period is not less than six months after the date of the accident. Appellant's point of error is overruled. The judgment of the court below is affirmed.