James **TERRELL**, Respondent,

v.

**STATE FARM INSURANCE CO.**, Appellant.

No. C8–83–374.

Supreme Court of Minnesota.

March 30, 1984.

John D. Quinlivan, Kevin S. Carpenter, St. Cloud, for appellant.

Robert W. Holmen, St. Cloud, for respondent.

Stephen R. Duerr, Minn. Trial Lawyers Assoc., Minneapolis, amicus curiae.

KELLEY, Justice.

The trial court held that an insured's failure to give notice of accident within the time period prescribed by the insurance policy issued in conformity with Minn.Stat. § 65B.55, subd. 1 (1982) is not an absolute bar to no-fault basic economic loss benefit claims made under the policy unless the insurer has suffered actual prejudice as a result of the delayed notice. Because we conclude the legislature intended such failure to give timely notice would constitute an absolute bar, we reverse.

The facts have been stipulated by the parties. Appellant State Farm Insurance Co. issued its no-fault automobile insurance policy to respondent James Terrell. The policy provided coverage for medical ex-

penses incurred by or on behalf of a policy-insured as a result of injuries arising out of the use of a motor vehicle. Respondent's son, an insured under the policy, sustained personal injuries in an automobile accident with a third party on May 20, 1979. As a result of those injuries, respondent and his son incurred medical expenses in treatment.

Within a month of the accident date as a result of a job transfer, respondent and his family moved to Maine. A Maine attorney was retained to represent the son regarding the son's rights arising as a consequence of the accident. That attorney commenced representation of the son but ultimately, on July 8, 1980, referred the handling of the case to a Minnesota attorney. Minnesota counsel asked respondent for the name of his automobile insurance carrier and whether that carrier had paid any incurred medical expenses. In response, in December 1980 respondent informed his Minnesota lawyer that appellant had paid no medical expense claim because one had not been submitted to it. Respondent erroneously assumed the insurer for the third party would have the responsibility for payment of those medical expenses.

Early in 1981, the Minnesota attorney orally contacted appellant's agent who had sold the policy to respondent. The agent provided claim forms, which the Minnesota attorney completed and submitted to appellant on March 27, 1981. Neither appellant nor its agent had any actual or constructive notice of the accident or of the claim for medical payments until early 1981. Appellant's ability to investigate and substantiate respondent's claim was not prejudiced by respondent's failure to give notice of his claim until March or April 1981.

Appellant contends respondent breached an absolute condition precedent to policy coverage which required notice of accident to the insurer within 6 months from date of accident.[1] Further, appellant claims the required notice is sanctioned by the legislature as reasonable. *See* Minn.Stat. § 65B.55, subd. 1 (1982).[2] The trial judge held that failure to give timely notice of the accident as required by the policy was not a bar to liability absent a showing of actual prejudice by the insurer. Inasmuch as the parties had stipulated to absence of prejudice, the court held respondent could collect the medical expenses from appellant.

The trial court relied on *Reliance Insurance Co. v. St. Paul Insurance Companies,* 307 Minn. 338, 239 N.W.2d 922 (1976), and *Farrell v. Nebraska Indemnity Co.,* 183 Minn. 65, 235 N.W. 612 (1931). These cases hold that, in the absence of a showing of actual prejudice to the insurer, untimely notice will not absolve the insurer of liability.[3] In *Reliance,* the policy provided the required notice be given "as soon as

---

1. The policy provision at issue reads as follows:
   **REPORTING A CLAIM—INSURED'S DUTIES**
   1. Notice to Us of an Accident or Loss. The **insured** must give us or one of our agents written notice of the accident or **loss** as soon as reasonably possible. *When claim is made under any no-fault coverage this notice must be received within six months from the date of the accident.* The notice must give us:
      a. **your** name; and
      b. the names and addresses of all **persons** involved; and
      c. the hour, date, place and facts of the accident or **loss**; and
      d. the names and addresses of witnesses. (emphasis added).
2. Minn.Stat. § 65B.55, subd. 1 (1982) provides:
   **APPLICATION FOR BENEFITS UNDER PLAN OF SECURITY.**

Subdivision 1. A plan of reparation security may prescribe a period of not less than six months after the date of accident within which an insured or any other person entitled to claim basic economic loss benefits, or anyone acting on their behalf, must notify the reparation obligor or its agent, of the accident and the possibility of a claim for economic loss benefits in order to be eligible for such benefits. Such notice may be given in any reasonable fashion.

3. A few other jurisdictions have likewise held that absent a showing of prejudice untimely notice will not bar a claim. *See, e.g., Brakeman v. Potomac Ins. Co.,* 472 Pa. 66, 371 A.2d 193 (1977); *see generally* Comment, *The Materiality of Prejudice to the Insurer as a Result of the Insured's Failure to Give Timely Notice,* 74 Dick. L.Rev. 260, 266–73 (1970).

practicable." *Reliance*, 307 Minn. at 340, 239 N.W.2d at 924. In *Farrell*, the policy required "immediate written notice." *Farrell*, 183 Minn. at 66, 235 N.W. at 612. Neither case involved a statute, such as section 65B.55, subd. 1 of the Minnesota No-Fault Automobile Insurance Act, that specifically authorized an insurer to prescribe a definite period not less than 6 months within which an insured must notify the insurer.

Appellant argues that since its policy contains a clear, unambiguous condition precedent to coverage, impliedly sanctioned as reasonable by the legislature through enactment of section 65B.55, subd. 1, traditional contract law should apply. When the policy is unambiguous, it contends, the contract should receive a literal interpretation: the court cannot rewrite the contract. *Sterling State Bank v. Virginia Surety Co.*, 285 Minn. 348, 354, 173 N.W.2d 342, 346 (1969). Appellant further asserts that this court should require strict compliance with insurance policy notice of accident and proof of loss provisions, the rule currently applied in a majority of jurisdictions. *See* Annot., 18 A.L.R.2d 443, 452 (1951); 8 J. Appleman, Insurance Law and Practice § 4732 (rev.1981). It likewise relies on *Government Employees Insurance Co. v. Harvey*, 278 Md. 548, 366 A.2d 13 (1976), and *Podlewski v. Government Employees Insurance Co.*, 616 S.W.2d 298 (Tex.Civ. App.1981), which adopt the traditional contract approach under no-fault automobile insurance laws.

Were it not for the fact that section 65B.55, subd. 1, specifically authorizes an insurer to insert this type of notice provision in its policy, we would have no difficulty in rejecting appellant's contentions. In our view the public policy reasons underlying the requirement of showing insurer prejudice as set forth in *Reliance* and *Far-*

*rell* are not only precedential, and thus would control the disposition of this case by affirmance, but more importantly, those policy reasons would ordinarily compel affirmance in order to avoid injustice.

However, in the present case, unlike *Reliance* and *Farrell*, we have a statute which permits insurers to insert a notice of claim as a condition precedent in their policies. We must thus turn to a determination of the legislature's intent in enacting section 65B.55, subd. 1. This provision originated as section 15 of the no-fault bill passed in the 1974 legislative session. Minnesota No-Fault Automobile Insurance Act, ch. 408, § 15, 1974 Minn.Laws 762, 778. It has not been amended since 1974. The Senate no-fault bill (S.F. 96), known as the Davies Bill, was introduced in the 1973 legislative session. It did not contain a provision similar to section 15 of the law as enacted and as it now exists. However, it did contain a limitation of actions provision identical to the limitation of actions provision of the Uniform Motor Vehicle Accident Reparations Act (UMVARA) approved by the National Conference of Commissioners on Uniform State Laws.[4] The policy underlying the UMVARA provision is found in the Commissioners' Comment:

> Rather complex limitation provisions are necessitated by the general principle that loss occurs as expense is incurred or loss is suffered. A simple limitation period, tied to the time when the claim for relief first arose, might result in initial claims filed decades after an accident occurred. On the other hand, a limitation period tied simply to the time of the accident giving rise to the injury would bar many claims before they arose.

UMVARA § 28 comment, 14 U.L.A. 105 (1980).

The Davies Bill containing the limitation of actions provision passed the Senate.

---

4. The limitations contained in the Davies proposal and in the UMVARA essentially provided as follows:

    1. An action to recover benefits, other than one for survivor's benefits, must be commenced within the earlier of 2 years after the injuries suffered or 4 years after the accident.

    2. An action for survivor's benefits must be commenced within the earlier of 1 year after death or 4 years after the accident.

    3. Certain tolling provisions are in effect for periods of legal disability or months in which no loss is suffered.

UMVARA § 28, 14 U.L.A. 104–05 (1980).

However, in the House of Representatives the No-Fault Subcommittee of the House Committee on Financial Institutions and Insurance substituted its own bill for the Davies Bill. The subcommittee bill contained the current section 65B.55, subd. 1 as section 14 (subsequently amended to section 15). When the full House Committee on Financial Institutions and Insurance considered the subcommittee bill, that provision was discussed by Representative Newcome, one of the authors of the subcommittee bill and later a member of the no-fault conference committee. Representative Newcome, explaining the subcommittee bill to the full committee, commented as follows:

This [section 14, later amended to section 15] is the other side of the coin [from section 13, later amended to section 14, requiring prompt payment by insurers of first party benefits], that a person who is going to make a claim of course has to make it within 6 months or his claim is barred.

*Hearings on S.F. 96 Before the Committee on Financial Institutions and Insurance* (May 15, 1973) (statement of Representative Thomas Newcome). Representative Newcome explained that since section 13 required insurers to pay no-fault benefits promptly, the insured had a reciprocal duty under section 14 to report accidents promptly or lose coverage. Although in committee Representative Sieben questioned the relatively short limitation provision, the subcommittee bill passed the full committee and was subsequently passed by the House of Representatives. The conference committee adopted the House provision and rejected the Davies Bill provision.

In rejecting the limitations provision of the Davies Bill and the UMVARA and enacting the House provision, which permitted insurers to create a 6-month limitation period within which notice of accidents must be given, the legislature sanctioned a limitations period which remained absolute whether or not the insurer was prejudiced by untimely notice. We conclude that we are not at liberty to add a requirement of prejudice to the insurer before the clause in the policy is enforceable, even though in our view the better policy favors such a showing. Appellant complied with the statutory provision. Its policy clearly stated notice of accident or loss "must be received within six months from the date of the accident." In the present case it was not received until almost 21 months after the accident. In this case appellant stipulated it was not prejudiced by the late notice. Although absolving appellant from liability seems to us unduly harsh on the insureds, it likewise appears to us that the legislature has clearly indicated its intent to protect automobile insurers from liability absent timely receipt of the policy-required notice of accident. Accordingly, we reverse.

Reversed.

WAHL, Justice (dissenting).

I respectfully dissent. I cannot conclude, as does the majority opinion, that the legislature intended to sanction an absolute limitation period within which notice of accidents must be given merely because Minn.Stat. § 65B.55, subd. 1 (1982) permits a plan of reparation security to prescribe a period *"of not less than six months"* (emphasis added) after the date of the accident within which notice is to be given. Appellant agrees in its brief, as do I, that the legislature did not intend, by this section, to create a six-month statute of limitations relative to claims for basic economic loss benefits. Subdivision 1 does make clear that any notice provision of *less* than six months will not be sanctioned. It also recognizes the need of insurers for notice within a reasonable time of the occurrence from which a claim may arise so that they may make prompt investigations and defend themselves against fraudulent or invalid claims. *Reliance Insurance Co. v. St. Paul Insurance Companies,* 239 N.W.2d 922, 924 (Minn.1976).

It may be inferred from the statute, and on this the parties do not disagree, that a six-month notice provision is reasonable. Nevertheless, if the intent of the legisla-

ture in enacting the notice provision was, as I take it to be, to avoid prejudice to the insurer, it is difficult to impute to the legislature the further intent to absolutely bar a claim for economic loss benefits for which premiums have been paid when failure to give timely notice has not resulted in prejudice to the insurer. Such an intent would be contrary to an avowed purpose of the No-Fault Act, which is to ensure that every person suffering loss from injury arising out of maintenance or use of a motor vehicle in this state is entitled to basic economic loss benefits. Minn.Stat. § 65B.46, subd. 1 (1982). Rather than impute such a contrary intent to the legislature, this court should join those courts which refuse to give a technical interpretation of notice provisions in order to avoid forfeiture of insurance coverage unless the insurer has been materially prejudiced because of late notice.[1] *Travelers Insurance Co. v. Feld Car & Truck Leasing Corp.*, 517 F.Supp. 1132 (D.Kansas 1981); *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977). We should follow the reasoning of the *Brakeman* court and require an insurance carrier seeking to avoid coverage already paid for by premiums because of late notice to show a sound reason for doing so. *Id.*, 472 Pa. at 75, 371 A.2d at 197. We should, in a word, once rejecting a technical interpretation of the notice provision of section 65B.55, subd. 1, follow, extend if necessary, our decisions in *Reliance* and *Farrell v. Nebraska Indemnity Co.*, 183 Minn. 65, 235 N.W. 612 (1931), and require a showing of insurer prejudice. Only thus, as the majority opinion notes, can injustice be avoided.

I would hold that the policy provision here at issue and Minn.Stat. § 65B.55, subd. 1 do not absolutely bar a claim for economic loss benefits for which a premium has been paid when failure to give timely notice has not resulted in prejudice to the insurer. I would affirm the trial court.

TODD, Justice (dissenting).

I join in the dissent of Justice Wahl.

YETKA, Justice (dissenting).

I join in the dissent of Justice Wahl.

SCOTT, Justice (dissenting).

I join in the dissent of Justice Wahl.

---

1. As the *Travelers* court stated, "when an insurance carrier's interests have not been materially prejudicial because of late notice, the purpose of the notice requirement is non-existent." 517 F.Supp. at 1135.