**Sharon ANDROS, f.k.a. Sharon Anderstrom, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No. C8–84–1356.

Court of Appeals of Minnesota.

Dec. 11, 1984.

D. Patrick McCullough, St. Paul, for appellant.

Donald A. Wheat, Bloomington, for respondent.

Heard, considered, and decided by FO-LEY, P.J., and WOZNIAK and NIEREN-GARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Sharon Andros appeals a judgment dismissing her complaint in an action to recover no-fault benefits under an insurance policy written by American Family Mutual Insurance Company (American). This case was tried on stipulated facts. We affirm.

## FACTS

In January 1978, passenger Sharon Andros was injured when the car in which she was riding was involved in a three car collision in Anoka. All three drivers were negligent. Andros incurred severe and permanent injuries which resulted in substantial economic loss. Andros was insured by a policy issued to her father by American. Andros had no other insurance coverage for her injuries.

The policy contained the following notice provision:

In the event of an accident, written notice containing particulars sufficient to identify the eligible injured person, and also reasonably obtainable information respecting the time, place and circumstances of the accident shall be given by or on behalf of each eligible injured person to the company or any of its authorized agents within six months from the date of the accident.

Two years after the accident, Andros's father gave American notice of his potential claim by telephone. Andros's husband first gave written notice of the claim to American almost three years after the accident. American has refused to pay. It claims noncompliance with the notice provision of the policy and prejudice by the delay.

## ISSUE

Did the trial court err in ruling that Andros is not entitled to no-fault benefits since she failed to give notice within six months of the accident?

## ANALYSIS

The Minnesota Supreme Court held that under Minn.Stat. § 65B.55, subd. 1 (1982), an auto insurer is absolved from paying basic economic loss benefits under a no-fault policy when the insured fails to give timely notice, even if the insurer is not prejudiced by the untimely notice. *Terrell v. State Farm Insurance Co.,* 346 N.W.2d 149 (Minn.1984). The legislature reacted to this decision by amending § 65B.55, subd. 1, as follows:

Subdivision 1. A plan of reparation security may prescribe a period of not less than six months after the date of the accident within which an insured or any other person entitled to claim basic economic loss benefits, or anyone acting on their behalf, must notify the reparation obligor or its agent, of the accident and the possibility of a claim for economic loss benefits. ~~in order to be eligible for such benefits. Such~~ <u>Failure to provide notice will not render a person ineligible to receive benefits unless actual prejudice is shown by the reparation obligor, and then only to the extent of the prejudice.</u> The notice may be given in any reasonable fashion.

Minn.Stat. 1982 § 65B.55, subd. 1, as amended by Laws 1984, c. 592 § 55.

Andros argues the trial court erred in not applying this amendment to her case. She claims the court's decision is invalid because it conflicts with the applicable law that was in effect at the time of this judgment. The law went into effect on April 27, 1984, between the date of the order for judgment (April 20, 1984) and the judgment itself (May 2, 1984).

■ In effect, Andros is asking that the new law be applied retroactively to her 1978 accident. Retroactive applications of statutes, however, are not favored and will be given effect only when such intent is clearly and manifestly shown on the face of the statute. *Parish v. Quie,* 294 N.W.2d 317, 318 (Minn.1980), (citing Minn.Stat.

48

§ 645.31 (1978)). *See Vireck v. Peoples Savings and Loan Association,* 343 N.W.2d 30 (Minn.1984). There is nothing in the language of the amendment to indicate that it is to be applied retroactively.

Andros further contends that the 1984 amendment was not a change to existing law, but merely a "clarification." Therefore, the amendment should be applied to her case.

 Generally, adoption of an amendment creates a presumption that the legislature intended to change preexisting law. *State v. Coin Wholesalers, Inc.,* 311 Minn. 346, 250 N.W.2d 583 (1976). When the language of an amendment is intended to clarify rather than enlarge the powers of the original statute, the presumption is rebutted. *Id.* 250 N.W.2d at 588.

In *Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813 (Minn.1979), the court held that an amendment was a clarification because the title specified that the act clarified certain ambiguous provisions in the Minnesota no-fault automobile insurance act. In *Coin Wholesalers,* the court held the inclusion of the term "investment metal contract" in the comprehensive definition of "security" contained in the statute was a clarification, not an addition.

 This case is quite different. As Andros points out, the legislature disagreed with the supreme court's interpretation of existing law and rapidly moved to change it. There is nothing in the amendment that indicates it is merely a clarification of existing law. In fact, the amendment made a major change in the law. The original subdivision 1 provided that the insured must notify the insurer within six months in order to be eligible for such benefits. The amendment deleted that language and added that failure to provide notice will not render one ineligible unless the insurer can show prejudice.

Andros also claims that, regardless of the amendment, the statute did not change the common law requirement that the insurer must show prejudice to bar a suit for basic economic benefits based due to un-

timely notice. This argument disregards the holding of *Terrell,* which held even if there is no showing of prejudice, the six-month notice provision of § 65B.55 bars such suits if timely notice is not given. Although the holding of *Terrell* works a harsh result here, we must apply the then existing law.

## DECISION

The trial court properly ruled that American need not pay no-fault benefits since Andros failed to give notice within six months of the accident.

We affirm.