Eleanor SULLIVAN, as parent and natural guardian of Anthony Sullivan, and Anthony Sullivan individually, Appellants,

v.

GRAIN DEALERS MUTUAL INSURANCE COMPANY OF OMAHA, NEBRASKA, Respondent.

No. C7–84–1672.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Roger A. Johnson, Minneapolis, for appellants.

James M. Riley, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is an action under the No-Fault Act to recover damages suffered by Anthony Sullivan. Grain Dealers moved for summary judgment, alleging that Sullivan had participated in the theft of the insured vehicle. That motion was denied because there was a question of fact as to whether Sullivan had known of the theft of the vehicle.

Later, both Sullivan and Grain Dealers filed certificates of readiness for trial and statements of the case. When the case was called for trial, Grain Dealers moved for dismissal based on Minn.Stat. § 65B.55, subd. 1 (1982) and the Minnesota Supreme Court's ruling in *Terrell v. State Farm Ins. Co.*, 346 N.W.2d 149 (Minn.1984). No defense was raised to the motion, which was granted. Subsequently, the trial court agreed to accept briefs and hear argument on the questions of whether Anthony Sullivan's minority or incompetency following the accident tolled the six months notice. No briefs were forthcoming, however, and no arguments were scheduled. The judgment of dismissal was entered, and Sullivan appealed. We reverse and remand.

## FACTS

Anthony Sullivan was thirteen years old when, on February 27, 1976, he was seriously injured in a car accident which occurred while police were chasing the stolen car in which he was a passenger. He asserts he did not know the car was stolen. Anthony was in the hospital for several weeks and required twenty-four hour care for several months after the accident.

Anthony's mother consulted an attorney approximately eighteen months after the accident. Being unable to determine the insurer of the stolen car, the attorney notified the Minnesota Assigned Claims Bureau on December 19, 1977, and formally filed a claim with the bureau on February 21, 1978. The claim was assigned to Aetna Casualty, and, after numerous contacts with Aetna were unsuccessful, the attorney brought suit against Aetna.

On October 21, 1980, Aetna Casualty notified Sullivan's attorney that Aetna's investigation since 1978 now disclosed that Grain Dealers Mutual Insurance Company had the insurance on the vehicle in which Anthony Sullivan had been injured. On October 24, Sullivan's attorney notified Grain Dealers of the claim, and on October 29, Aetna Casualty's motion for summary judgment was granted on the grounds that there was an insured automobile involved. This action was then brought against Grain Dealers.

Both parties filed certificates of readiness for trial and statements of the case.

The only issues raised in Grain Dealers' statement of the case related to the question of Anthony's participation in the conversion of the vehicle. (Grain Dealers' answer to the complaint, however, did raise the issue of notice.) When the case was called for trial, Grain Dealers moved for dismissal on the ground that they had not received notice of the claim within six months of the accident. No evidence was presented before the motion was granted.

## ISSUE

Did the trial court err in dismissing this case before trial based upon lack of notice?

## ANALYSIS

A. Initially, we note that the trial court dismissed the action against Grain Dealers on the basis of Minn.Stat. § 65B.55, subd. 1, and *Terrell v. State Farm Ins. Co.*, 346 N.W.2d 149 (Minn.1984). Minn.Stat. § 65B.55 provides:

Subdivision 1. A plan of reparation security *may* prescribe a period of not less than six months after the date of accident within which an insured or any other person entitled to claim basic economic loss benefits, or anyone acting on their behalf, must notify the reparation obligor or its agent, of the accident and the possibility of a claim for economic loss benefits in order to be eligible for such benefits. Such notice may be given in any reasonable fashion.

\*   \*   \*   \*   \*   \*

(emphasis added). The claim against Grain Dealers, however, was made under Minn. Stat. § 65B.66, which governs claims initially made against the wrong insurer. That statute allows ninety days after the correct insurer has been identified in which to file a claim against that insurer, provided timely action was commenced against the initial (wrong) insurer. Appellant complied with that time limit: appellant's attorney learned that Grain Dealers insured the car on or about October 21, 1980, and notified Grain Dealers of the claim on October 24. The question which thus must be answered is whether the Minnesota Assigned

Claims Bureau received timely notice of the claim, not whether Grain Dealers received timely notice of the claim.

Minn.Stat. § 65B.65, subd. 1, must be applied to determine whether the assigned claims bureau received timely notice. That statute reads as follows:

Except as provided in subdivision 2, [governing insolvent insurers] a person authorized to obtain basic reparation benefits through the assigned claims plan shall notify the bureau of his claim within the time that would have been allowed for commencing an action for those benefits if there had been identifiable coverage in effect and applicable to the claim.

Since Minn.Stat. § 65B.55, as noted above, merely authorizes a six month notice period, but does not require it, it is not clear that appellant was required to notify the bureau of his claim within six months. The trial court must determine whether, under the circumstances, appellant's notice to the bureau was timely, bearing in mind that no six month requirement was in effect and that the timeliness must therefore be judged according to reasonableness.

*Terrell*, while standing for the proposition that a six month notice of claim limitation clearly stated in the policy is not dependent upon whether or not the insurer was prejudiced by the late notice of claim, does not control this case. In *Terrell*, the policy issued by the defendant insurer was applicable, and that policy contained the six month notice period authorized by Minn. Stat. § 65B.55, subd. 1. Here, the timeliness of the notice is not determined by reference to § 65B.55 since the initial claim, the claim whose timeliness is at issue, was made to the assigned claims bureau under Minn.Stat. § 65B.64. The trial court was thus in error in finding *Terrell* determinative of this action.

B. Finally, Anthony denies that he knew the car was stolen and claims he tried to get the driver to stop when the police were in pursuit. If, at trial, that is determined to be the case, and if the trial court has previously determined that notice to

the assigned claims bureau was timely, then the action against Grain Dealers may proceed and appellant may prove his damages. Grain Dealers, the original insurer of the victim, is the proper insurance company to pay damages if Anthony was not involved in the theft. If, however, it is determined that Anthony *did* know of the conversion of the vehicle, the action against Grain Dealers may not go forward. Minn. Stat. § 65B.58.

If Anthony is factually determined to be a converter, Minn.Stat. § 65B.64, subd. 1(a) controls. That statute provides that a person 14 years of age or younger who is otherwise ineligible for basic economic loss benefits because he is a converter of the vehicle in which he was injured may obtain basic economic loss benefits through the assigned claims plan. If Grain Dealers is able to prove Anthony was a converter of the vehicle it insured, Anthony's only recourse is to once again proceed through the assigned claims bureau.

### DECISION

Anthony Sullivan is not automatically precluded from benefits because his claim was not filed with the assigned claims bureau within six months of his injuries. The trial court must make a determination, first, whether notice to the assigned claims bureau was timely under the circumstances. If not, summary judgment may be appropriate. If notice was timely, however, then the issue of whether Anthony knew the vehicle was stolen must be determined. If he did not know the vehicle was stolen, trial of the issue of damages may proceed; if he did know, the assigned claims bureau must again be notified.

Reversed and remanded for trial.