**L & H TRANSPORT, INC., Appellant,**

v.

**The DREW AGENCY, INC., defendant third party plaintiff, Respondent,**

v.

**CHUBB & SONS, INC., third party defendant, Respondent,**

**and**

**L & H TRANSPORT, INC., Appellant,**

v.

**CHUBB & SONS, INC., Respondent.**

No. C6–85–104.

Court of Appeals of Minnesota.

June 25, 1985.

Review Granted Aug. 30, 1985.

---

John L. Preuter, Minneapolis, for L & H Transport, Inc.

David A. Bailly, Minneapolis, for The Drew Agency, Inc.

Douglas R. Archibald, Minneapolis, for Chubb & Sons, Inc.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

L & H Transport, Inc. ("L & H") appeals from the trial court's orders dismissing its action against the Drew Agency and granting summary judgment to the defendant in its action against Chubb and Sons ("Chubb"). We affirm in part and reverse and remand in part.

## FACTS

L & H arranged with its general insurance agent, the Drew Agency, to procure a policy of cargo insurance which would in-

clude insurance against the cost of cleanup in the event of any accident. Drew Agency procured such a policy from Chubb and Sons, insurers. The policy which Chubb issued contained a one year limitation clause, which states that a "suit, action or proceeding for the recovery of any claim under this policy" must be commenced within a year of the time the loss is discovered.

A covered accident occurred on July 22, 1982, and L & H incurred losses of $13,-408.00. L & H has been unable to recover the full amount of these costs. Their losses consisted of a concrete "I" beam falling from a truck to the pavement and shattering. L & H collected approximately $8,000 for the damaged property but was denied the approximate $5,000 for the needed cleanup.

In October 1982 L & H brought suit against Drew Agency, alleging the agency had failed to procure the necessary coverage. In May 1983 the agency brought in Chubb as a third party defendant in that action, alleging that Chubb was liable to L & H under the policy terms. In July 1984 L & H brought a separate action against Chubb to recover against the policy.

On September 5, 1984, the trial court dismissed L & H's complaint against the Drew Agency, finding that no cause of action existed because the agency had, indeed, procured the coverage L & H had requested, and that the policy issued by Chubb covered the loss. Before L & H received notice of the filing of the order dismissing the action, it moved for an amended order or for a new trial, moved to amend the complaint to add Chubb as a defendant, and moved to consolidate the two actions. In addition, Chubb moved for summary judgment in L & H's action against it. On December 11, 1984, the trial court denied L & H's motions and granted Chubb's motion for summary judgment on the ground that the action against it was brought more than one year after the loss was discovered.

## ISSUES

1. Did the trial court err in ruling that L & H's suit against Chubb was barred by the one year limitations period contained in the policy?

2. Did the trial court err in dismissing the action against the Drew Agency?

3. Did the trial court err in ruling that L & H was not entitled to amend its complaint against the Drew Agency to assert its claim against Chubb, even though Chubb was already a party in the action against the Drew Agency?

## ANALYSIS

### I.

*Complaint against Chubb and Sons:*

 L & H argues that the one year limitations agreement contained in its insurance policy should not bar its action against Chubb on three grounds. First, it argues that Drew Agency was the *agent* of Chubb, and that a timely suit against an agent is sufficient to satisfy such a clause. Second, L & H argues the clause was satisfied by Drew Agency's impleader of Chubb within one year of the loss, even if Drew Agency was not an agent of Chubb. Third, L & H argues that the one year limitations period is not enforceable because Chubb failed to show it was prejudiced by L & H's delay in bringing suit against it. Because we find the third ground dispositive, we will not address the merits of the first two arguments.

In 1984 the Minnesota Supreme Court held that an automobile insurer is absolved from liability to pay basic economic loss benefits when the insured fails to notify the insurer of an accident giving rise to a claim within the period provided in the policy, regardless of whether the insurer was prejudiced. However, this holding was premised on a specific no-fault statute and constitutes an exception from the general law. *Terrell v. State Farm Ins. Co.,* 346 N.W.2d 149 (Minn.1984):

Were it not for the fact that 65B.55, subd. 1, specifically authorized an insur-

er to insert this type of notice provision in its policy, we would have no difficulty in rejecting appellant's contentions. In our view the public policy reasons underlying the requirement of showing insurer prejudice * * * would ordinarily compel affirmance to avoid injustice.

However * * * we have a statute which permits insurers to insert a notice of claim as a condition precedent in their policies.

*Id.* at 151.

This court has held that such limitation language in a policy is not a bar to recovery in every case. Where the injured person erroneously filed his claim with the assigned claims plan, timeliness was governed by 65B.65, subd. 1, and the policy limitation period began to run only after the injured party received notice of the name of the correct insurer. *Sullivan v. Grain Dealers Mutual Ins. Co.,* 361 N.W.2d 495 (Minn.Ct.App.1985).[1]

In *Loram Maintenance of Way, Inc., v. Consolidated Rail Corp.,* 354 N.W.2d 111 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn., Jan. 11, 1985), this court held that where a limitation period is authorized *only* by language in the insurance policy, the insurer may not rely on it to defeat coverage unless it can show prejudice.

This case involves a loss covered by cargo insurance and is governed by the *Loram* rule: In the absence of prejudice to the insurer, untimely notice will not absolve the insurer of liability. *Loram,* 354 N.W.2d at 114. The sole ground the trial court put forward for its decision granting summary judgment to Chubb was the one year contractual limitations period. No prejudice to Chubb was shown, and thus summary judgment was error.

Chubb claims that L & H did not argue *Loram* in its memo in opposition to Chubb's motion for summary judgment, and is therefore barred from raising that issue before this court. The issue whether the limitations provisions barred the action against Chubb *was* argued at the trial level, only the law on it was not. This is not a case where a new theory is being argued before us upon which the trial court had no chance to rule; the trial court did rule on the issue of the applicability of the limitations period, and erred on the applicable law. Thus, we are not precluded from reversing the trial court's decision by L & H's failure to bring the *Loram Maintenance* case to the attention of the trial court.

## II.

*Complaint against Drew Agency:*

■ L & H alleges the trial court erred in dismissing its action against Drew Agency. The court found no liability against Drew Agency as a matter of law because Drew Agency did in fact obtain the coverage it had been requested to obtain. Since the policy issued by Chubb provided the coverage requested by L & H, the trial court did not err in granting summary judgment once Drew Agency showed it had no liability and L & H did not refute that showing. *See* Minn.R.Civ.P. 56.05.

## III.

*Amendment of complaint against Drew Agency:*

■ L & H contends the trial court erred in ruling it could not amend its complaint against Drew Agency to assert a claim against Chubb. Summary judgment against L & H had already been ordered when L & H moved to amend. Respondents contend the denial of the motion to amend is not even appealable. However, the denial of the motion to amend was contained in the same order as the grant of summary judgment to Chubb. Under Rule 103.04, Minn.R.Civ.App.P., this court may review "an order affecting the order from which the appeal is taken and * * * any order involving the merits or affecting the

---

1. In reaching this holding we note the legislative intent behind 65B.55. Since *Terrell,* the legislature has amended 65B.55 to add "Failure to provide notice will not render a person ineligible to receive benefits unless actual prejudice is shown by the reparation obligor, and then only to the extent of the prejudice." 65B.55 (1984).

judgment." The court's ruling is appealable in this context.

Under Minn.R.Civ.P. 15, the time for L & H to amend its complaint as a matter of course had long since expired when it sought to amend. After that time, the court is to give leave to amend "freely." The right of amendment is a matter in the trial court's discretion and the court should not be reversed except for a clear abuse of discretion. *Dale v. Pushor,* 246 Minn. 254, 75 N.W.2d 595 (1956); *see* Hetland & Adamson, 1 Minnesota Practice at 516. Since L & H had opportunities to add Chubb as a party and never did, it cannot be said that the trial court's decision not to allow this amendment was error.

## DECISION

Trial court did not err in granting summary judgment for Drew Agency or in denying L & H leave to amend its complaint against Drew Agency.

Trial court erred in ruling the L & H was barred from bringing suit against Chubb and Sons by a one year limitations provision contained in an insurance policy. We remand for trial on the cleanup claim against one defendant, Chubb and Sons.

Affirmed in part; reversed and remanded in part.