861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Thomas E. MILLER, Jr., Appellant,
v.
AMALGAMATED CASUALTY INSURANCE COMPANY, Appellee.
 No. 88-7021.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1988.
 
 Before RUTH B. GINSBURG and SILBERMAN, Circuit Judges, and MILTON POLLACK,* United States Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. Upon full review of the issues presented, the court concludes that disposition without published opinion is warranted. See D.C.Cir.R. 14(c). For the reasons stated by the district court in its November 25, 1987 Order, and in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 FURTHER ORDERED, by the Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 The record fully supports the district court's determinations that (1) at some point between November 1982, when plaintiff's counsel learned of the alleged tortfeasor's expired registration, and the entry of default judgment against the tortfeasor in D.C. Superior Court in August 1985, plaintiff should have known that the tortfeasor was uninsured; (2) plaintiff gave no notice or proof of claim under the uninsured motorist coverage of his policy until, at the earliest, his April 23, 1986 letter demanding satisfaction of the $18,000 default judgment. Based on these determinations, the district court properly concluded, as a matter of law, that the insurer had a contractual right to deny liability for want of a timely uninsured motorist claim. See Policy VI. C. (proof of claim required "as soon as practicable"); Policy VI. H. (company not liable absent compliance with policy conditions). An insurer, under Maryland law, is not required to demonstrate that the insured's failure to present a timely proof of claim actually prejudiced the insurer. See Government Employees Ins. Co. v. Harvey, 366 A.2d 13, 17 (Md.1976) (Article 48A, Section 482, Annotated Code of Maryland, which requires showing of actual prejudice to insurer, applies to disclaimers based on insured's untimely notice of accident, but does not apply to disclaimers grounded on insured's failure to submit timely proof of claim; such failure, unless waived by insurer, will prevent a recovery on the policy).
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)