**DAIRYLAND INSURANCE CO., Respondent,**

v.

**Jennifer A. CLEMENTSON, Appellant (C0–88–1375), Respondent (C3–88–1581),**

**and**

**Mutual Service Casualty Insurance Co., Intervenor (C0–88–1375), Appellant (C3–88–1581).**

**Nos. C0–88–1375, C3–88–1581.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

John H. Guthmann, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Dairyland Ins. Co.

Michael Fargione, Hauer, Lewis & Fargione, P.A., Minneapolis, for Jennifer A. Clementson.

William J. Egan, David M. Bolt, Rider, Bennett, Egan & Arundel, Minneapolis, for Mutual Service Cas. Ins. Co.

Heard, considered and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Respondent Dairyland Insurance Company (Dairyland) brought a declaratory judgment action to determine whether it was liable to appellant Clementson. Dairyland later brought a motion for summary judgment against both Clementson and intervenor Mutual Service Insurance Company (MSI) which was granted. Appellant Clementson and intervenor/appellant MSI both appeal from the summary judgment.

## FACTS

On October 6, 1979, 17-year-old Jennifer A. Clementson was the passenger in a vehicle involved in a one-car accident. The driver of the vehicle, William Tollefson, was uninsured. At the time of the accident, Clementson resided with her father, Arvid, and her brother Dean. Arvid owned two auto insurance policies with MSI and

Dean had auto insurance with Dairyland. The uninsured motorist limits on each of the three policies was $25,000. Under the MSI policies, Jennifer qualified as an "insured." On November 15, 1981, Jennifer settled her claim against MSI under both policies for $11,500.

Jennifer, represented by an attorney hired by MSI, obtained a default judgment against Tollefson. The trial court's order of December 27, 1982 awarded Jennifer $17,122.87 for medical expenses and $40,-000 damages for her injuries. The trial court found that Tollefson's negligence was the sole and direct cause of Clementson's injuries.

In 1986, Jennifer contacted her own attorney who sought to renegotiate the November 15, 1981 settlement. MSI subsequently paid Jennifer an additional $15,-166.67. Jennifer has received a total of $26,666.67 in uninsured benefits from MSI.

MSI also paid Jennifer $17,122.87 in basic economic loss benefits. For the purposes of the declaratory judgment action, the parties stipulated that the basic economic loss benefits paid were necessary and reasonable. MSI did not learn that another resident in Jennifer's household had automobile insurance until May 30, 1986. About September 4, 1986, MSI requested pro-rata reimbursement from Dairyland for the basic economic loss benefits it had paid to Jennifer.

On May 27, 1986, Jennifer's attorney wrote a letter to Dairyland Insurance Company demanding arbitration and seeking to recover uninsured motorist benefits. That letter was the first notice Dairyland received of the accident.

Dairyland's insurance policy with Dean includes a provision requiring that the insured notify Dairyland of any accident "as soon as possible." The policy also contains a Minnesota Personal Injury Protection Endorsement as follows:

> In the event of an accident, you are required to give us notice about the time, place and circumstances of the accident.

You must give us this notice within six months from the date of the accident. * * * No action shall be filed against us unless you have fully complied with all the terms of this insurance.

## ISSUES

1. Is respondent Dairyland actually prejudiced by appellant Clementson's failure to notify them of an auto accident until six years after the accident?

2. Is respondent Dairyland liable to appellant MSI for indemnification of basic economic benefits MSI paid to appellant Clementson?

## ANALYSIS

1. Clementson appeals from the trial court's order granting summary judgment in favor of Dairyland. Since the facts of this case are not in dispute, summary judgment is an appropriate means of disposition. This court is not bound by the trial court's conclusions of law. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Dairyland argues that it is not liable to pay uninsured motorist benefits because it received notice of Clementson's accident over six years after its occurrence which is a violation of the notice requirement contained in the policy. Clementson contends she is entitled to benefits regardless of her tardy notification to Dairyland.

The Minnesota Supreme Court addressed this issue in *Reliance Insurance Co. v. St. Paul Insurance Companies*, 307 Minn. 338, 239 N.W.2d 922 (1976). In that case, a defendant in a legal malpractice suit did not give its malpractice insurer notice of a pending suit for 18 months after the suit was initiated. The policy at issue required the insured to "immediately forward to the company every summons or other process received by him." The Minnesota Supreme Court held that:

> [D]espite delay in notification the insurers are required to afford coverage un-

der their contracts in the absence of actual prejudice, should liability be otherwise shown according to the terms of the policies. We are not holding that in some cases such an extraordinary length of time between an event and notification would not be prejudicial in itself, but this factual setting is not one of those cases.

*Id.* 239 N.W.2d at 925.

In the present case, Dairyland claims it was actually prejudiced by an inability to investigate the accident or obtain an adverse medical examination. They also claim prejudice through the loss of subrogation rights against the driver of the vehicle caused by the running of the six-year statute of limitations applicable to torts. The trial court agreed with Dairyland but found the intervening six years between the accident and notice was prejudice per se.

The Minnesota appellate courts have examined similar fact situations in three cases where the courts found the insurer was actually prejudiced by late notice: *Mason v. St. Paul Fire & Marine Insurance Co.,* 82 Minn. 336, 85 N.W. 13 (1901); *Sterling State Bank v. Virginia Surety Co.,* 285 Minn. 348, 173 N.W.2d 342 (1969); and *Noon Realty, Inc. v. Aetna Insurance Co.,* 387 N.W.2d 465 (Minn.Ct.App.1986). The facts of these cases involved respectively, a fire of suspicious origin, an alleged theft of the insured vehicle, and a question of negligence by the insured company in a personal injury case.

In addition to *Reliance,* our appellate courts have found the insurer was not actually prejudiced in two cases. In *Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.,* 354 N.W.2d 111 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Jan. 11, 1985) the plaintiff did not report fire damage to its equipment until three years after the accident. The trial court said in its opinion: "There was no showing of prejudice in this case. Liability was absolute, and no issue existed as to the amount of damages." *Id.* at 114.

In *L & H Transport, Inc. v. Drew Agency, Inc.,* 369 N.W.2d 608 (Minn.Ct.App. 1985), *aff'd* 384 N.W.2d 435 (Minn.1986) the plaintiff was transporting a cement slab which fell from one of its trucks and shattered. Plaintiff brought suit against its insurer more than two years after the accident. This court held that the insurer was not prejudiced by plaintiff's failure to bring suit within the one-year period required by the policy.

In the present case, Dairyland maintains that it is prejudiced by an inability to investigate the accident. However, the accident involved only one vehicle in which Jennifer was a passenger. Other than a mere claim of prejudice, respondent offers no facts which would suggest negligence by anyone other than the driver.

Dairyland also claims it was prejudiced through a lack of opportunity to obtain an adverse medical examination. Dairyland's claim of prejudice fails however, as it stipulated that the medical expenses paid by MSI were reasonable. A party on appeal is still bound by a stipulation which it entered at trial. *Amundson v. Cloverleaf Memorial Park Association,* 221 Minn. 353, 22 N.W.2d 170, 172 (1946); *In Re Estate of Boysen,* 351 N.W.2d 398, 400 (Minn.Ct.App.1984).

Dairyland contends that it is prejudiced through a loss of its subrogation rights. A judgment against the driver was obtained for $40,000 exclusive of medical expenses. Of the $40,000, MSI was assigned $26,666.67 by Clementson to cover the amount it has paid Clementson in uninsured motorist benefits. Clementson retains only $13,334.33 to assign Dairyland if Dairyland pays uninsured motorist benefits.

Dairyland maintains that the trial court was correct in finding that a delay of six and one-half years in giving notice of the accident was prejudice per se. Although the facts in *Reliance* may permit such a finding, we do not find prejudice per se in the present case.

2. Intervenor/Appellant MSI claims it is entitled to contribution by Dairyland of

one-third the basic economic benefits paid to Clementson. MSI has paid Clementson $17,122.87 and is demanding contribution of $5,707.62. Dairyland argues that MSI is not entitled to contribution because Dairyland did not receive notice of the accident within the six-month notice requirement of the policy.

MSI contends that the late notice does not destroy its contribution rights. MSI supports its position with numerous tort cases involving the liability for contribution of co-tortfeasors. Automobile insurance however, combines both tort and contract law. *Hime v. State Farm Fire & Casualty Co.*, 284 N.W.2d 829, 832 (Minn.1979).

■ Dairyland responds to MSI's arguments by noting that this action is governed by Minnesota's No–Fault Act, Minn. Stat. § 65B.55, subd. 1 (1978) which reads:

Subd. 1. A plan of reparation security may prescribe a period of not less than six months after the date of accident within which an insured or any other person entitled to claim basic economic loss benefits, or anyone acting on their behalf, must notify the reparation obligator or its agent, of the accident and the possibility of a claim for economic loss benefits in order to be eligible for such benefits. Such notice may be given in any reasonable fashion.

Dairyland's policy with Clementson required notice of an action within six months of the accident. Dairyland argues that a failure to so notify Dairyland is an absolute bar to MSI's recovery.

Dairyland supports its position by citing *Terrell v. State Farm Insurance Co.*, 346 N.W.2d 149 (Minn.1984). In that case, plaintiff Terrell was injured in an auto accident but did not notify his own insurance company for 21 months. The court held that State Farm was not liable for Terrell's medical expenses and that it did not need to make a showing of actual prejudice as required by *Reliance*. The court distinguished *Reliance* from the facts in *Terrell*:

Were it not for the fact that section 65B.55, subd. 1, specifically authorizes an insurer to insert this type of notice provision in its policy, we would have no difficulty in rejecting appellant's contentions. * * * However, in the present case, unlike *Reliance* and *Farrell* [*v. Nebraska Indemnity Co.*, 183 Minn. 65, 235 N.W. 612] [ (1931) ], we have a statute which permits insurers to insert a notice of claim as a condition precedent in their policies. We must thus turn to a determination of the legislature's intent in enacting section 65B.55 subd. 1. * * *.

In rejecting the limitations provision * * * and enacting the House provision, which permitted insurers to create a 6–month limitation period within which notice of accidents must be given, the legislature sanctioned a limitations period which remained absolute whether or not the insurer was prejudiced by untimely notice.

*Terrell*, 346 N.W.2d at 151–52.

Further, this court has applied the rule of *Terrell* in a case involving a 1978 accident and denied recovery to the insured who did not inform the insurer of the accident within 6 months. *Andros v. American Family Mutual Insurance Co.*, 359 N.W.2d 46 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Apr. 12, 1985).

### DECISION

We find Dairyland suffered no actual prejudice by an inability to investigate the accident or conduct an adverse medical examination. In the event Clementson assigns the $13,333.67 to Dairyland, then in that event, we find that Dairyland is only prejudiced for any amount above that figure. We do not agree that the facts of this case warrant a ruling of prejudice per se and therefore reverse the trial court on this issue.

We agree with the trial court that Dairyland is not obliged to contribute to MSI's basic economic benefits paid to Clementson.

AFFIRMED IN PART, REVERSED IN PART.