ST. CLOUD AVIATION, INC.,
Respondent,

v.

Gregory T. PULOS, individually and d.b.a. SSI, Inc., and SSI, Inc.
Appellant.

No. C5–85–532.

Court of Appeals of Minnesota.

Oct. 22, 1985.

Robert J. Feigh, Hall, Byers, Hanson, Steil & Weinberger, P.A., St. Cloud, for respondent.

Walter M. Baker, Baker & Bassford, P.A., Edina, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Following a jury verdict awarding respondent contract damages for repairs and

service to appellant's airplane, appellant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. Those motions were denied, and he appealed.

We affirm.

## FACTS

Respondent St. Cloud Aviation is a corporation engaged in the sale and service of aircraft and operates the St. Cloud Municipal Airport. Appellant Gregory Pulos (appellant) is a businessman and the owner of appellant corporation SSI, Inc. In 1981, respondent acted as an intermediary for appellant's purchase of a Cessna 206 aircraft from a Louisiana seller. At the time of purchase, the aircraft needed some repairs, and respondent performed the necessary work. Respondent continued to service the aircraft until the spring or summer of 1982, when appellant claimed the repairs were not being done in a proper workmanlike manner, and moved the plane to another airport. He still owed respondent approximately $15,000 for past service, maintenance, and fuel.

Appellant paid respondent for part of the amount owed, but discontinued payments following an incident when the airplane's landing gear allegedly failed. When payments stopped, respondent sued for the amount allegedly due. Appellant counterclaimed, alleging respondent had performed the work in a negligent and improper manner.

During trial, evidence was submitted indicating respondent had billed appellant for $8752.59, which included a 1.33 percent monthly finance charge. The jury returned a verdict finding respondent entitled to $6732. Appellant's alternative motions for judgment notwithstanding the verdict or a new trial were denied.

## ISSUES

1. Is appellant's claim of a usurious rate of interest properly before this court?

2. Did the trial court erroneously admit exhibits in violation of its pretrial order?

3. Did the trial court improperly refuse to admit a letter referring to a complaint and subsequent investigation of respondent by the Federal Aviation Administration?

4. Did the trial court improperly deny appellant's request for a jury instruction on breach of warranty?

## ANALYSIS

1. Appellant claims the interest charged by respondent violates Minn.Stat. § 334.01 (1984), which provides for a maximum interest rate of six percent per year upon a legal indebtness unless a different rate is contracted for in writing. A billing statement indicates respondent charged appellant interest of 1.33 percent per month, or 16 percent per year.

Appellant did not raise the issue of usury in his answer and counterclaim, pretrial statement of the case, opening statement, or requested jury instructions. Appellant first raised this objection in alternative motions for judgment notwithstanding the verdict or a new trial.

Minnesota Rule of Civil Procedure 8.03 provides that a claim of illegality must be pleaded as an affirmative defense. By failing to raise an affirmative defense in a responsive pleading or any subsequent amendment, one is deemed to have waived that defense. *See Clark v. Clark*, 288 N.W.2d 1, 11 n. 16 (Minn.1979) (fraud); *Rehberger v. Project Plumbing Co., Inc.*, 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973) (statute of limitations); D. Herr & R. Haydock, 1 *Minnesota Practice* § 8.5, at 196 (1985). Because appellant submitted no evidence on the issue of usury and never requested the pleadings be amended to incorporate such claim, the trial court properly denied appellant's request for a new trial.

Appellant claims the defense of usury could not have been raised before trial because he had no access to respondent's billing records. We find appellant's argument to be without merit. Respondent indicated in its pretrial statement its exhibits would include purchase agreements and

billing records. It was appellant's responsibility to obtain such documents by the discovery process if he desired to raise issues concerning the contents of those documents.

■ 2. Appellant also argues the trial court erroneously admitted two of respondent's exhibits in violation of its pretrial order. Appellant claims although the court's pretrial order required both parties to exchange all documents prior to trial, respondent was allowed to introduce a purchase agreement and billing statement which had not been exchanged.

The order only required the parties to exchange lists of all exhibits. In its pretrial statement, respondent listed the documents which it intended to offer, including "billing records" and "Purchase Agreements on the aircraft." The court did not violate its pretrial order by admitting these documents.

3. During the course of discovery, appellant learned the Federal Aviation Administration (FAA) had received a complaint regarding respondent's maintenance procedures, and that an investigation had resulted from that complaint. In a motion *in limine,* respondent requested that evidence of this complaint and investigation be excluded from the jury because it concerned prior unrelated disputes. The trial court agreed and issued an order excluding the evidence, explaining in its memorandum:

> Certainly without a stronger showing by [appellant] that the prior dispute between St. Cloud Aviation, Inc. and a third party involving alleged negligent repairs in some way represents or shows a "pattern", or involved an identical airplane at approximately the same time as the instant case, it seems to this Court that to permit the [appellant] to bring the other dispute before the jury raises great danger of unfair prejudice and/or confusion of the issues.

At trial, despite this order, appellant attempted introduction of a letter to the FAA which referred to the investigation of respondent's facility and respondent's correc-

tive actions following the investigation. The court excluded the letter, based upon the reasons expressed in its pretrial order and because the evidence was analogous to subsequent remedial action disallowed by the rules of evidence. Appellant claims the exclusion was error.

The Minnesota Rules of Evidence provide:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *.

Minn.R.Evid. 403. In a discussion outside the presence of the jury, the court indicated:

> This flags a red hair in front of the jury, and I think it does more prejudice. It may be relevant, but very minimally, and you offset that against the prejudice and I just think it shouldn't come in.

■ A ruling balancing the prejudicial effect of evidence against its probative value rests within the discretion of the trial court. *See* P. Thompson, 11 *Minnesota Practice,* § 403.01, at 107 (1979). We do not believe the trial court abused its discretion. There was no evidence the other alleged negligence by respondent concerned similar types of repair, or occurred during the same time period or under similar circumstances as the negligence alleged by appellant.

■ 4. Appellant finally claims the trial court erred when it denied a request for jury instructions on respondent's breach of an implied warranty of merchantability. This theory was never raised in appellant's pleadings or pretrial statement, nor was evidence introduced to support this claim. The sole testimony referring to warranties was whether appellant had seen an express warranty on the purchase agreement. In his opening statement, appellant's attorney did not mention breach of warranty claims.

■ A party is entitled to an instruction only if there is evidence to support that theory. *Lane by Lane v. Skyline Family*

*Medical Center*, 363 N.W.2d 318, 323 (Minn.Ct.App.1985). Where there was no evidence to support a claim of respondent's breach of an implied warranty of merchantability, appellant's requested jury instructions on that issue were properly denied.

## DECISION

The trial court's order denying appellant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, is affirmed.

Affirmed.