**MINNESOTA MUTUAL FIRE & CASUALTY COMPANY,**
Respondent,

v.

**NORTH LAKES CONSTRUCTION, INC., et al., Appellants.**

No. CX–86–1444.

Court of Appeals of Minnesota.

Feb. 10, 1987.
Review Denied April 23, 1987.

Douglas R. Archibald, Cosgrove & Haskell, Minneapolis, for respondent.

Thomas J. Rooney, Rooney & Neilson, Ltd., St. Paul, for appellants.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a grant of summary judgment to respondent Minnesota Mutual Fire & Casualty Company. Minnesota Mutual commenced this declaratory judgment action against appellants North Lakes Construction, Inc., Creative Properties Company, and Robert Rugloski, individually and d/b/a Creative Properties (hereinafter referred to as Rugloski), seeking a determination that a claim brought under an insurance policy issued by Minnesota Mutual was barred because not brought within two years of the loss as required by the policy. Rugloski contends that Minnesota Mutual is not entitled to summary judgment because the two-year limitation period is unreasonable, because the limitation period was waived or tolled by Minnesota Mutual's refusal to appraise for ten months, and because no prejudice has been shown. We affirm.

## FACTS

Minnesota Mutual issued a fire and extended coverage insurance policy for property located at 800–802 University Avenue, St. Paul, Minnesota. Rugloski and his two corporations owned the property and were the named insureds on the policy. On March 30, 1979, the property allegedly suffered water damage due to freezing. It is undisputed that the loss was reported in a timely manner to Minnesota Mutual.

Rugloski is an insurance agent who had been licensed with Minnesota Mutual for several years. In February 1980, Minnesota Mutual commenced a separate suit against him seeking unpaid commissions. On July 9, 1980, Robert Weir, an attorney for Minnesota Mutual, sent a letter to the public adjuster handling Rugloski's claim for the March 1979 loss. Referring to the pending action for unpaid commissions, the letter stated that "Rugloski owes the company in excess of $10,000 and until his balance with the company is cleared up we don't intend to honor any claims submitted by [him] and we do not agree to appraisal on any of the claims."

In an affidavit, Rugloski's attorney states that he contacted Weir by phone in September 1980 "for the purpose of determining whether or not [the July 1980] letter should be taken as a waiver of the appraisal provisions in the insurance policies upon which Rugloski had claims pending against Minnesota Mutual * * *." Ru-

gloski's attorney claims that he was informed that the letter was not intended to constitute such a waiver. He further claims that the parties agreed that Rugloski would proceed with appraisal of his claims, which would then be asserted as counterclaims in the action already pending for unpaid commissions.

Rugloski filed a proof of loss for the water damage on October 22, 1980. Minnesota Mutual rejected this on December 17, 1980 because it was "overstated." The parties had no further contact until April 27, 1981, two years and 28 days after the March 1979 loss, when Rugloski finally demanded appraisal and notified Minnesota Mutual that he had appointed an appraiser.

Minnesota Mutual thereafter commenced this declaratory judgment action, seeking a determination that Rugloski's claim was barred because not brought within two years of the alleged loss, as required by the contract of insurance. Rugloski filed a joint answer in which he asserted that Minnesota Mutual had refused to estimate damages or to pay claims, even though it had agreed that the claims should be appraised and asserted as counterclaims or setoffs in the action pending against him for unpaid commissions. Rugloski's answer seeks dismissal of this declaratory judgment action and completion of the appraisal process so that his claim might be asserted as a "setoff and counterclaim" in the action for unpaid commissions.

In July 1986, five years after commencement of the suit, Minnesota Mutual served notice of its motion for summary judgment. Following oral arguments, the trial court determined that the two-year limitation period contained in the policy was a "reasonable one under the circumstances." This appeal followed entry of judgment for Minnesota Mutual.

## ISSUE

Did the trial court err in granting summary judgment to Minnesota Mutual based on the determination that the two-year limitation period contained within the contract of insurance was not unreasonably short?

## ANALYSIS

Summary judgment may be granted only if, after viewing the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of proving that there is no geniune issue of material fact and that he is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Summary judgment is not intended as a substitute for trial when there are fact issues to be determined. *Vacura v. Haar's Equipment, Inc.,* 364 N.W.2d 387, 391 (Minn.1985). *See Grandnorthern, Inc. v. West Mall Partnership,* 359 N.W.2d 41, 43–44 (Minn.Ct.App.1984).

In *Henning Nelson Construction Co. v. Fireman's Fund American Life Insurance Co.,* 383 N.W.2d 645 (Minn.1986), the supreme court reaffirmed prior holdings that "absent a specific statute to the contrary, 'the parties [to an insurance contract] may limit the time within which an action may be brought to a period less than that fixed by the general statutes of limitation provided the limitation is not unreasonably short * * *.' " *Id.* at 650 (quoting *Prior Lake State Bank v. National Surety Corp.,* 248 Minn. 383, 388, 80 N.W.2d 612, 616 (1957)). The court further specified that the reasonableness of a contract limitation "is to be decided on a case-by-case basis, looking at the particular facts of each case" and that such provisions are not generally favored and are to be strictly construed against the party invoking them. *Henning,* 383 N.W.2d at 651.

The policy provision in dispute here provides that an action on a claim shall be brought within two years after inception of the loss. In granting summary judgment to Minnesota Mutual, the trial court was "satisfied" that this two-year provision "is a reasonable one under the circumstances." It noted that while Rugloski had filed a timely proof of loss, he thereafter neglected his obligation to pursue that loss with the company. The trial court also inferred that such neglect was inexcusable because Rugloski is a "very sophisticated insurance agent and broker" who knew and understood the language of the policy. *See Olson v. Rugloski,* 277 N.W.2d 385 (Minn. 1979) (action by an insured against Ruglo-

ski and others for damages sustained when the insured's coverage limits were not raised as requested and when payment of an undisputed amount was delayed).

We agree with the trial court's reasoning. Although his proof of loss was denied on December 17, 1980, Rugloski took no action until April 27, 1981, when he finally demanded appraisal. Thus, even if some delay is attributable to Minnesota Mutual, Rugloski still had over three months in which to commence an action on his insurance claim. Moreover, as of oral arguments before this court, he still had not commenced such an action or asserted his loss as a counterclaim in the action for unpaid commissions.

In his answer, Rugloski merely seeks dismissal of this declaratory judgment action and appraisal of his claim, which would thereafter be asserted as a counterclaim and setoff in the action for unpaid commissions. He does not assert a counterclaim or setoff in *this* action based on the March 1979 loss, nor would it be possible for him to do so because Minnesota Mutual seeks no monetary relief here, only a determination that Rugloski's claim is barred because not brought within two years of loss. Given the relatively undisputed facts of this case, we conclude that the trial court properly determined that the two-year limitation period was not unreasonably short.

Rugloski further argues that summary judgment was inappropriate because Weir's statements resulted in a delay of the appraisal process and because those statements constitute a waiver or tolling by Minnesota Mutual of the limitation period. The trial court rejected this argument because "[t]he defense of waiver was not asserted in [Rugloski's] answer * * *." Under Minn.R.Civ.P. 8.03, an affirmative defense such as waiver must be set out specifically in a responsive pleading or in a subsequent amendment. *See Swanson v. Domning*, 251 Minn. 110, 119, 86 N.W.2d 716, 723 (1957). Although Rugloski's answer does assert facts which suggest a waiver-type defense, he fails to expressly mention or plead it. Failure to raise an affirmative defense in a timely manner

forecloses the right to assert it. *St. Cloud Aviation, Inc. v. Pulos*, 375 N.W.2d 543, 545 (Minn.Ct.App.1985).

The trial court also rejected Rugloski's waiver defense because "there is a specific disclaimer of waiver by [Rugloski's] counsel in an affidavit which he filed * * *." We agree with Rugloski that his attorney's affidavit merely acknowledges Weir's statement that the July 1980 letter did not constitute a waiver of Minnesota Mutual's appraisal rights. Rugloski's attorney did not "disclaim" the right to raise waiver as a defense. Nonetheless, we also agree with Minnesota Mutual that even if Rugloski's defense of waiver was properly pleaded in his answer and not disclaimed, Weir's statements only establish that Minnesota Mutual agreed to waive its appraisal rights, not that it agreed to waive the limitation period.

Finally, Rugloski argues that summary judgment was inappropriate because Minnesota Mutual failed to show prejudice. Rugloski mistakenly relies on this court's decision in *L & H Transport, Inc. v. Drew Agency, Inc.*, 369 N.W.2d 608 (Minn.Ct. App.1985), *aff'd*, 384 N.W.2d 435, *pet. for reh'g granted*, 389 N.W.2d 206 (Minn.1986). Given the subsequent history of *L & H* and its pending rehearing, we do not find it controlling or even persuasive, particularly when *Henning* contains such a clear and precise statement of the appropriate standard. Under *Henning*, prejudice need only be shown when it is claimed that notice of loss was not given within the limitation period, not when the reasonableness of the length of the limitation period is at issue. *Id.* at 650 n. 6. Because failure to notify Minnesota Mutual of the loss is not at issue in this case, prejudice need not be shown.

### DECISION

The trial court's grant of summary judgment to Minnesota Mutual is affirmed.

Affirmed.