## RELIANCE INSURANCE COMPANY v. ST. PAUL INSURANCE COMPANIES AND OTHERS. CANNON & WENDT ELECTRIC COMPANY, APPELLANT.

239 N. W. 2d 922.

March 5, 1976—No. 45554.

*Coulter, Nelson & Sullivan* and *Lyle R. Frevert,* for appellant.

*Carroll, Cronan, Roth & Austin, Frank X. Cronan, Robert M. Austin,* and *John Doyle,* for respondent Reliance Insurance Company.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Robert M. Frisbee, O. C. Adamson II,* and *R. Greg Stephens,* for respondent St. Paul Insurance Companies.

Heard before Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from a judgment of the Hennepin County District Court. Reliance Insurance Company brought a declaratory judgment action against St. Paul Insurance Companies, Louis Bialick, and Cannon & Wendt Electric Company to determine whether coverage was afforded by two lawyers' professional liability policies issued by Reliance and St. Paul to Bialick. Cannon & Wendt in a prior action had sought relief against Bialick, alleging that Bialick had committed legal malpractice. The district court ordered judgment declaring that both insurance policies had been breached by Bialick and that neither policy covered the claim of Cannon & Wendt. Defendant Cannon & Wendt appeals from that judgment.

In January 1965 Cannon & Wendt, an Arizona corporation, employed Louis Bialick to enforce a judgment in Minnesota. Receiving no progress report in this matter, the Arizona attorneys for Cannon & Wendt wrote Bialick on August 23, 1968:

"In view of the fact that I have been unable to obtain a reply to my letters directed to your office and in view of the fact this matter has gone much longer than seems to be reasonable or proper, I have been authorized by my client to make demand upon you for immediate accounting and a detailed explanation

of the above-captioned matter. It is also necessary to receive not only a report of the status of the matter, but a report with respect to your actions thereto."

The attorneys wrote Bialick on September 18, 1968:

"On August 23, 1968, I directed a letter to you requesting an accounting or explanation pertaining to the above captioned matter. As of this date I still have not received a reply. This has led my client to have grave misgivings and concerns since there has not been any kind of report to any correspondence or communication of any kind for some time.

"Under these circumstances, I have been directed by Cannon & Wendt Electric Company to immediately terminate your services and this file will be referred to other counsel in your jurisdiction for a complete investigation of this matter or any other action which might be necessary to protect my client's interests."

Cannon & Wendt subsequently began an action against Bialick for legal malpractice. Bialick was served with a complaint on February 23, 1971, alleging that during such delay the judgment debtor disposed of his assets. On July 26, 1972, Cannon & Wendt served Bialick with notice that default proceedings would be taken against him. On August 3, 1972, Bialick forwarded the notification of default proceedings and the summons and complaint to insurance agent Robert Abrahams. Abrahams notified Reliance Insurance Company on August 4, 1972, which in turn notified the St. Paul Insurance Companies on October 10, 1972.

The insurance policy issued to Bialick by St. Paul Companies covered the period from September 1, 1962, to September 1, 1968, and included the following language:

"As soon as practicable, notice must be given the Company on Insured's receiving information as to any occurrence covered by this policy, with full particulars of any claim arising therefrom. If suit is brought, the Insured must immediately forward to the Company every summons or other process received by him."

The Reliance policy was issued September 1, 1968, and cancelled on July 19, 1971. The Reliance policy included the following clause:

"Notice of Claim or Suit

"Upon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Both St. Paul Companies and Reliance declined coverage of the Cannon & Wendt claim.

The sole issue before us is: Were the insurers prejudiced by lack of notice of a claim against the insured?

The trial court did find that both insurers were prejudiced, but seemed to base such findings strictly on late notice as a violation of the terms of the policies. In a memorandum accompanying its order denying Cannon & Wendt's motion for amended findings of fact and conclusions of law, the court stated:

"The extreme length of time (18 months) between the event and the notification by the insured to the insurance company of a possible legal action is such as to preclude coverage of the insured certainly, and in the absence of any evidence whatsoever that defendant Cannon & Wendt Electric Company relied upon any malpractice insurance or upon any potential liability of the Reliance Insurance Company or the St. Paul Insurance Companies, a court cannot very well extend the plain and clear terms of the policy to afford malpractice coverage."

Failure to give notice may prejudice the insurer in that lapse of time can deprive him of the opportunity for prompt investigation and impede his defense against fraudulent claims. Mason

v. St. Paul Fire & Marine Ins. Co. 82 Minn. 336, 85 N. W. 13 (1901). This court noted in Sterling State Bank v. Virginia Surety Co. 285 Minn. 348, 354, 173 N. W. 2d 342, 346 (1969):

"* * * It is only reasonable to require that the insurer be given an opportunity for prompt investigation so as to protect itself against fraudulent claims and, while the matter is fresh in the minds of all, to appraise and determine a disposition by way of settlement or defense."

But Farrell v. Nebraska Ind. Co. 183 Minn. 65, 235 N. W. 612 (1931), has long been the law in this state, requiring a showing of actual prejudice by the insurer to defeat liability. In that case we said (183 Minn. 69, 235 N. W. 614):

"To hold that the defendant under the circumstances should be absolved from liability because of the failure to give earlier notice would be unreasonable, unwarranted, and a grave injustice. The record does not disclose that defendant was in any way prejudiced by the delay."

See, also, Williams v. Cass-Crow Wing County Co-op. Assn. 224 Minn. 275, 28 N. W. 2d 646 (1947); Standard Salt & Cement Co. v. National Surety Co. 134 Minn. 121, 158 N. W. 802 (1916); Gamble-Skogmo, Inc. v. St. Paul Mercury Ind. Co. 242 Minn. 91, 64 N. W. 2d 380 (1954).

In the present case, Cannon & Wendt served a summons and complaint upon Louis Bialick on February 23, 1971. On July 26, 1972, it served Bialick with a notice of intention to prove up a default judgment. On August 3, 1972, Bialick tendered the defense of said lawsuit to the insurers by forwarding the pleadings and notice to Robert Abrahams, a licensed agent for the two insurance companies involved, who notified Reliance on August 4, 1972, which in turn notified the St. Paul Companies on October 10, 1972. In a letter from the St. Paul Companies to Bialick, dated April 12, 1973, denying coverage, it is stated:

"* * * The matter was not reported to us until it had been

completely resolved by means of the District Court trial and we were not given any opportunity to protect your interests, or our interests, in this matter."

This reason for denial of coverage was not accurate in that the action of Cannon & Wendt was never reduced to judgment and there was never a trial. Cannon & Wendt point out that they had, in fact, extended the period of time to interpose an answer. The record does not disclose that the facts have changed in any way, or that the investigation will become any more difficult.

We agree with the trial court that this was an "extreme length of time (18 months) between the event and the notification," but if time was the crucial factor relied upon to show prejudice it has not been shown by these facts that such delay has prejudiced either of the insurers under the present circumstances.

One of the prime reasons for this type of liability insurance is to pay the damages caused by certain acts or omissions of the insured. Unfortunately, omissions are frequent, including omissions to immediately notify the insurer. The very nature of these peculiarities insured against indicates that this type of insurance is not only a contract between the insurer and the insured but also a contract for the benefit of the public. Therefore, we hold that despite delay in notification the insurers are required to afford coverage under their contracts in the absence of actual prejudice, should liability be otherwise shown according to the terms of the policies. We are not holding that in some cases such an extraordinary length of time between an event and notification would not be prejudicial in itself, but this factual setting is not one of those cases. We also hold that such prejudice cannot be based solely upon the eventual greater accumulation of interest because of delay since said money invested by the insurers is also drawing interest.

Reversed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.