**NOON REALTY, INC., Appellant,**

**v.**

**AETNA INSURANCE COMPANY, Respondent.**

**No. C8–85–1996.**

Court of Appeals of Minnesota.

May 27, 1986.

Robert Munns, Anoka, for appellant.

Pierre N. Regnier, St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Noon Realty, Inc. (appellant) brought a declaratory judgment action to determine whether Aetna Insurance Company (respondent) must defend and indemnify it in an underlying action. The trial court granted declaratory judgment in favor of respondent. Noon Realty appeals. We affirm.

## FACTS

In 1970, appellant Noon Realty had a general liability insurance policy with respondent Aetna Insurance Company. The issue in the declaratory judgment action was whether appellant complied with the terms of the insurance policy.

Vernon Noon purchased this policy through his insurance agent, Willard Lienemann, of City-Country Insurance Agency. The policy contained these provisions:

**4. Insured's Duties In the Event of Occurrence, Claim or Suit**

    *    *    *    *    *    *

(b) If claim is made or suit is brought against the *insured,* the *insured* shall immediately forward to the company [Aetna] every demand, notice, summons or other process received by him or his representative.

    *    *    *    *    *    *

**5. Action Against Company.** No action shall lie against the company [Aetna] unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy * * *.

In June 1972, Edward Scheidler served a summons and complaint on Noon Realty. He alleges that he was injured in 1970, while working on a home being constructed by Noon Realty.

Noon Realty's insurance policy covered the period from April 14, 1970 to April 14, 1971, including the time of Scheidler's alleged injury.

Noon Realty's owner Vernon Noon asserts that he contacted Aetna immediately after he received the documents in 1972. However, Noon testified that he could not specifically remember contacting Mr. Lienemann about this matter. Rather, he said that his normal practice and procedure would have been to contact the insurance company.

William Lienemann testified that he first became aware of the lawsuit in August 1979. Richard Shields, claims manager for Aetna in 1972, testified that he did not see the papers until 1979.

Appellant hired an attorney, who prepared and served an answer to the Scheidler complaint in June 1975. Nonetheless, a default judgment was obtained in August 1979. This default judgment was subsequently vacated.

In late August 1979, Shields wrote Lienemann, inquiring about coverage. Aetna refused to defend or indemnify in the Scheidler lawsuit because of Noon's failure to notify Aetna as required by the policy.

Noon testified that the other construction workers for that project stopped work-

ing for him in the late 1970's or in 1980. He also admitted that construction plans and specifications had probably been destroyed since the alleged accident.

## ISSUE

Did the trial court err in ruling that respondent need not defend and indemnify appellant due to untimely notice?

## ANALYSIS

■ There is adequate evidence to support the trial court's finding that Aetna did not receive notice from Noon Realty until August 12, 1979. Both Shields and Lienemann testified that the insurance company was not informed of the Scheidler complaint until 1979. Vernon Noon's testimony that he contacted the company in 1972 was equivocal. He could not remember the specific call. He merely said that his general practice was to notify the insurance company. The trial court's findings will not be overturned unless they are clearly erroneous. *Reserve Mining Co. v. State,* 310 N.W.2d 487, 490 (Minn.1981) (citation omitted).

Secondly, appellant argues that respondent did not make a showing of prejudice.

Failure to give notice may prejudice the insurer because the lapse of time can deprive the insurer of the opportunity for prompt investigation and impede defense against fraudulent claims. *Reliance Insurance Co. v. St. Paul Insurance Companies,* 307 Minn. 338, 239 N.W.2d 922, 924 (1976) (citing *Mason v. St. Paul Fire & Marine Insurance Co.,* 82 Minn. 336, 85 N.W. 13 (1901)). There, the supreme court held that an 18-month delay in notification would not absolve the insurer from defending a suit where the policy indicated that the insured should notify the insurer as soon as practicable. The court stated that the record did not disclose that the facts had changed in any way, or that the investigation would become any more difficult. *Id.* 239 N.W.2d at 925. The court also added:

We are not holding that in some cases such an extraordinary length of time be-

tween an event and notification would not be prejudicial in itself, but this factual setting is not one of those cases. *Id.; see Sterling State Bank v. Virginia Surety Co.,* 285 Minn. 348, 173 N.W.2d 342 (1969).

Here, Noon testified that the other construction workers stopped working for him in the late 1970's and at the latest by 1980. He also stated that the plans and specifications for the building on which Scheidler was injured no longer existed. The trial court also stated:

To mount an adequate defense against the Scheidler lawsuit, Aetna would have needed to identify and locate all the witnesses necessary to fully and accurately learn the facts of Noon Realty's alleged negligence and the extent of Scheidler's alleged damages, including all the treatment he received. This would have been much harder, if not impossible, seven years after the claim was commenced. Even if all such witnesses could have been identified and located, memories which had become more uncertain and flawed surely would have prejudiced Aetna in its defense of the lawsuit.

Although the 18-month gap was not prejudicial to the investigation in *Reliance,* the seven year lapse in this case meant that certain documents and parties might not be available.

This situation differs from that in *Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.,* 354 N.W.2d 111 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Jan. 11, 1985). There liability was admitted and not open to question. *See also L & H Transport, Inc. v. Drew Agency, Inc.,* 369 N.W.2d 608 (Minn.Ct.App.1985), *affirmed* 384 N.W.2d 435 (Minn.1986). (There, the insurer had actual notice of the suit because the insurance agency impleaded it within the one year limitations period.)

■ Here, it is undisputed that Scheidler filed suit in 1972. The insurance company had no opportunity for the next seven years to protect its interests by investigation. *See Sterling,* 285 Minn. at 355, 173

N.W.2d at 347. It was not error to hold that the seven year gap was prejudicial to Aetna.

## DECISION

The trial court did not err in finding that appellant failed to notify Aetna of the Scheidler lawsuit until August 1979, more than seven years after it received the summons and complaint. The trial court did not err in finding that appellant prejudiced Aetna Insurance Company's ability to investigate and defend against the Scheidler claim, and that respondent is not required to defend. We affirm.