**The PEDRO COMPANIES,
et al., Appellants,**

v.

**SENTRY INSURANCE, a Mutual
Company, Respondent.**

**No. C9–94–72.**

Court of Appeals of Minnesota.

June 14, 1994.

Patricia J. Hartmann, St. Paul, for appellants.

James M. Mahoney, David J. Yarosh, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., and SHORT and HOLTAN, JJ.*

## OPINION

SCHUMACHER, Judge.

Appellants The Pedro Companies, Carl Pedro, Jr. and Eugene Pedro seek reversal of the district court's grant of summary judgment, arguing that respondent Sentry Insurance, a Mutual Company (Sentry) was not prejudiced by late notice of the Alfred Pedro lawsuit and thus is responsible for costs and attorney fees incurred in defending the slander claim. We affirm.

## FACTS

Alfred Pedro, Carl Pedro, Jr., and Eugene Pedro are brothers. At one time, each was an officer, director, and equal shareholder of Pedro Companies. After a number of disputes, Alfred Pedro was terminated.

In February 1988, Alfred Pedro sued Pedro Companies, Carl Pedro, Jr., and Eugene Pedro for breach of duty as an officer and director, dissolution of Pedro Companies, appointment of a receiver and an accounting, and for wrongful termination, infliction of emotional distress and slander (Alfred Pedro lawsuit).

At trial, the claims for infliction of emotional distress and slander were dismissed. An advisory jury found in favor of Alfred Pedro. The district court adopted the jury's findings and ordered judgment. Pedro Companies, Carl Pedro, Jr., and Eugene Pedro appealed. This court held that the trial court could use the jury's findings only in an advisory manner and remanded for independent findings. *Pedro v. Pedro,* 463 N.W.2d 285 (Minn.App.1990), *pet. for rev. denied* (Minn. Jan. 24, 1991). On remand, the dis-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

trict court issued its own findings and again held in favor of Alfred Pedro.

From January 1, 1987 to January 1, 1988, Pedro Companies was insured with Sentry under a commercial general liability policy. On December 20, 1989, approximately three weeks after trial, Pedro Companies notified Sentry about the Alfred Pedro lawsuit. Sentry denied coverage on the basis that these claims did not arise out of an occurrence and there was no bodily injury or property damage as defined under the policy. In a letter dated April 1, 1991, Pedro Companies formally tendered the defense of the Alfred Pedro lawsuit. Sentry again denied coverage, citing the same reasons.

On February 9, 1993, Pedro Companies, Carl Pedro, Jr., and Eugene Pedro brought a declaratory judgment action, arguing that Sentry was obligated to reimburse them for defense fees and costs for the Alfred Pedro lawsuit. Sentry moved for summary judgment, stipulating for purposes of the motion that the slander claim was within the coverage of the policy. The district court granted the motion, finding that Pedro Companies, Carl Jr. Pedro, and Eugene Pedro forfeited their right to a defense by failing to notify Sentry of the lawsuit in a timely manner thus prejudicing Sentry. The court also reasoned that Sentry was not obligated to defend because the slander claim, the only claim arguably within the scope of coverage of the policy, was dismissed during trial.

### ISSUES

1. When does the duty to defend arise?

2. Does an insurer have a duty to defend when an insured tenders defense of a lawsuit after a trial where the claim arguably within the scope of coverage of the policy has been dismissed?

### ANALYSIS

■ On appeal from summary judgment, this court must decide whether there are any genuine issues of material fact and whether the district court correctly applied the law. *Offerdahl v. University of Minnesota Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

The commercial general liability policy issued by Sentry required the insured to:

> Immediately send [Sentry] copies of any demands, notices, summons or legal papers received in connection with the claim or "suit."

Pedro Companies did not notify Sentry of the suit until the case had been tried. Pedro Companies, Carl Jr. Pedro, and Eugene Pedro contend that Sentry had a duty to defend because Sentry was not prejudiced by the late notification of the Alfred Pedro Lawsuit. We disagree.

■ The duty to defend is broader than the duty to indemnify. *Economy Fire & Casualty Co. v. Iverson,* 445 N.W.2d 824, 826 (Minn.1989). The duty is contractual in nature and generally determined by comparing the allegations in the complaint with the language of the insurance policy. *Bituminous Casualty Corp. v. Bartlett,* 307 Minn. 72, 75, 240 N.W.2d 310, 312 (1976). The complaint is not controlling, however, where extrinsic facts establish the existence or non-existence of the duty to defend. *Id.*

■ 1. Although the original complaint in this case contains an allegation arguably within the scope of coverage of the policy, that claim had been dismissed by the time Sentry was notified of the lawsuit. In contractual indemnification situations, "tender of defense is a condition precedent to the creation of an obligation to indemnify." *Seifert v. Regents of Univ. of Minn.,* 505 N.W.2d 83, 87 (Minn.App.1993), *pet. for rev. denied* (Minn. Oct. 28, 1993). We adopt a similar rule of law in the analogous area of insurance and conclude that tender of defense is a condition precedent to the duty to defend. *See Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 471, 861 P.2d 1153, 1157 (1993) (duty to defend arises on tender of defense); *cf. St. Paul Fire & Marine Ins. Co. v. Estate of Hunt,* 811 P.2d 432, 434–35 (Colo.App.1991) (notice is condition precedent to coverage where claims-made policy contains notification requirement).

2. Whether an insurer has a duty to defend is thus evaluated at the time of tender. The slander claim had been dismissed by the

time Pedro Companies tendered defense of the Alfred Pedro lawsuit to Sentry. At that time, there were no allegations falling within the language of the insurance policy, and no facts existed that would give rise to the duty to defend. Therefore, Sentry had no obligation to defend and is not required to pay defense costs for the underlying slander claim. *See Continental Ins. Co. v. United States Fidelity and Guar. Co.*, 528 P.2d 430, 434 (Alaska 1974) (scope of duty to defend is determined by pleadings and by facts known or reasonably ascertainable at time defense is tendered); *Washington v. Federal Kemper Ins. Co.*, 60 Md.App. 288, 482 A.2d 503, 507–08 (1984) (insurer entitled to evaluate its duty to defend based on facts as determined in court where request to defend was not made until case was tried), *cert. denied,* 302 Md. 289, 487 A.2d 292 (1985).

## DECISION

The district court correctly determined that Sentry did not have an obligation to defend Pedro Companies, Carl Pedro, Jr., and Eugene Pedro because, at the time of tender of the Alfred Pedro lawsuit, the only claim that was arguably within the scope of coverage of the policy had been dismissed at trial.

**Affirmed.**