**CELLEX BIOSCIENCES, INC., Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent.**

No. C3–95–739.

Court of Appeals of Minnesota.

Sept. 26, 1995.

Review Denied Nov. 15, 1995.

Richard D. Snyder, Michael A. Stern, Frederickson & Byron, P.A., Minneapolis, for appellant.

Bethany K. Culp, Jeffrey J. Bouslog, Rikke A. Dierssen-Morice, Oppenhiemer Wolff & Donnelly, St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and HARTEN and THOREEN,* JJ.

## OPINION

HUSPENI, Judge.

Appellant, the insured under a policy issued by respondent insurer, challenges the district court's award of summary judgment to respondent on claims that respondent had no contractual obligation to reimburse appellant for pre-tender defense costs incurred by appellant in defending a lawsuit brought by a third party. Because we conclude that under the terms of the policy respondent is not obligated to reimburse appellant for pre-tender defense costs, we affirm.

## FACTS

On June 18, 1993, Cellex Biosciences, Inc. (CBI) received a letter from Celox Corporation (Celox) demanding that CBI cease and desist use of both CBI's corporate name and its stock market symbol. Celox alleged that, because of the similarity between the two names, CBI was attempting to trade on the goodwill generated by Celox.

Celox commenced a lawsuit against CBI on June 24, 1993. CBI immediately contacted its attorneys. On June 25, 1993, a federal district court magistrate conducted an emergency hearing, and on June 27 Celox brought a motion for a preliminary injunction. The motion was to be heard two days later. On July 14, 1993, the motion for the preliminary injunction was denied. The court stated in its decision that Celox was not likely to prevail on the merits.

CBI notified its St. Paul Fire and Marine Insurance Company (St. Paul) agent about the lawsuit on August 25, 1993. St. Paul received notification on September 3, 1993. The claim was submitted to St. Paul's coverage counsel on September 16. On September 28, St. Paul sent a letter to CBI acknowledging coverage and agreeing to pay for CBI's defense costs from September 3, 1993, through September 28, 1993, and for expenses associated with bringing the new at-

torneys up-to-date. The letter also stated that St. Paul would not reimburse CBI for any expenses incurred prior to September 3, because those costs were not covered under the policy.

St. Paul engaged new counsel for the case on November 4, 1993. When the newly-engaged counsel contacted CBI's attorneys to have the file transferred, CBI's attorneys refused to turn over any notes, depositions, legal research or attorney work product until St. Paul agreed to pay the pre-tender attorney fees.

A settlement conference took place on November 22, 1993, and the lawsuit with Celox was settled shortly thereafter. Both CBI's original attorneys and the attorney appointed by St. Paul were in attendance. St. Paul funded the settlement.

CBI brought an action against St. Paul for reimbursement of all attorney fees incurred defending the Celox action. St. Paul again offered to pay the costs incurred after the tender of defense. CBI rejected the offer and brought a motion for partial summary judgment, in which it asserted that it was entitled to reimbursement for all the costs incurred defending the lawsuit against Celox. St. Paul moved for summary judgment, arguing that it was not obligated to pay any expenses incurred prior to CBI's tender of defense. The district court denied CBI's motion and granted St. Paul's.

## ISSUE

Did the district court err in determining that an insurer was not obligated to pay the pre-tender defense costs incurred by its insured?

## ANALYSIS

On an appeal from summary judgment, the reviewing court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

"An insurance policy is a contract, the terms of which determine the extent of the insurer's liability." *American Nat. Fire Ins. Co. v. Cordie,* 478 N.W.2d 531, 534 (Minn. App.1991). "Insurance coverage issues are questions of law for the court." *State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn. 1992). Insurance contracts are construed as a whole and unambiguous language is given its plain and ordinary meaning. *Id.* Any ambiguities will be construed in favor of the insured. *Id.*

■ The district court based its conclusion that St. Paul had no obligation to reimburse appellant for pre-tender expenses on the language of the insurance policy. The policy provides that St. Paul will cover "all expenses we incur" and "all reasonable expenses that any protected person incurs at our request." The policy also provides, however, that an insured must "not assume any financial obligation or pay out any money without our consent." Finally, the policy provides that St. Paul has the duty to defend "any claim or suit for covered injury or damage made or brought against any protected person," but it has "no duty to perform other acts or services."

The expenses for which CBI requested reimbursement were not incurred by St. Paul or at St. Paul's request. They were expenses that CBI chose to assume without St. Paul's consent. St. Paul had not been notified of the claim; therefore, its duty to defend had not yet been invoked. The district court did not err in concluding that CBI's expenses did not fall within the coverage provided by the policy.

CBI cites *Reliance Ins. Co. v. St. Paul Ins. Cos.,* 307 Minn. 338, 239 N.W.2d 922 (1976), to argue that notwithstanding the language of the policy, St. Paul is obligated to pay pre-tender defense costs unless it can demonstrate actual prejudice. We disagree, and find *Reliance* to be distinguishable. In *Reliance,* the court focused on policy language addressing late notice provisions (the policy required the insured to provide notice of an occurrence "as soon as practicable"), and determined that "despite delay in notification the insurers are required to afford coverage under their contracts in the absence of actual prejudice." *Id.* at 343, 239 N.W.2d at 925. The *Reliance* decision is clearly based on the language of the policy at issue.

■ The district court here also based its decision on the policy language, but relied on provisions other than the notice provision. According to the policy, St. Paul has a duty to pay all expenses it incurs and all reasonable expenses incurred by a protected person at its request. St. Paul also has a duty to defend claims brought against a protected person, but "no duty to perform other acts or services." Pre-tender costs do not fall within the scope of either of those provisions.

■ Tender is a condition precedent to creation of a duty to indemnify. *Seifert v. Regents of Univ. of Minn.,* 505 N.W.2d 83, 87 (Minn.App.1993), *review denied* (Minn. Oct. 28, 1993). CBI attempts to distinguish *Seifert,* arguing that it involved an indemnification agreement executed in connection with a construction contract, but this attempt must fail. *Pedro Cos. v. Sentry Ins.,* 518 N.W.2d 49, 51 (Minn.App.1994), fully applied the *Seifert* rationale to cases involving insurance coverage and concluded that "tender of defense is a condition precedent to the duty to defend."[1]

The supreme court recently affirmed the proposition that tender of defense is a condition precedent to the duty to defend in *SCSC Corp. v. Allied Mut. Ins. Co.,* 533 N.W.2d 603, 614 (Minn.1995) (holding that a formal tender of defense is a condition precedent to the recovery of attorney fees that a party incurs defending claims that the insurer is obligated to pay). The insured in *SCSC* was contacted by the Minnesota Pollution Control Agency (MPCA) in October 1988 regarding detection of groundwater contamination but did not notify the insurer until October 1989. Claiming that it had no duty to defend, the insurer refused to pay the insured's costs

---

1. CBI's attempt to distinguish *Pedro* is equally unpersuasive. CBI contends that the only essential issue in *Pedro* was prejudice caused by the late notice. We disagree. Although this court noted that the insurer had been prejudiced by the late notice, the *Pedro* decision rests not on the issue of prejudice but on the fact that the covered claim had been dismissed at the time of tender.

incurred in responding to the MPCA. The supreme court affirmed the finding of a duty to defend and reversed the award of attorney fees incurred prior to the time of tender, observing that "[g]enerally, however, the formal tender of a defense request is a condition precedent to the recovery of attorney fees." *Id.* at 614.

CBI claims that the application of the word "generally" to the requirement of tender prior to a duty on the part of the insurer implies that exceptions may be made, and argues that the quick pace of the Celox lawsuit presents a contrast to the *SCSC* proceedings and indicates that this case is an exception to the "general rule."

We cannot agree, although we recognize that these facts differ from those of *SCSC*. In this case, an emergency hearing was conducted the day after the lawsuit was commenced, a motion for a preliminary injunction was filed two days later, and that motion was decided just a few weeks afterward. The quick response of CBI's attorneys and their defeat of Celox's motion for a preliminary injunction undoubtedly contributed significantly to the ultimate resolution of the lawsuit. Nonetheless, we are constrained to follow the supreme court's directive in *SCSC*. Despite the use of "generally" in the body of the *SCSC* opinion, the syllabus of that opinion uses the word "must" in setting forth the tender requirement.[2] Although far more time elapsed prior to tender in *SCSC* than in this case, we cannot, on that basis, make the distinction CBI urges. The trial court here relied on policy language, not on factors of delay and prejudice. In view of the specific policy language in this case, we are disinclined to accept CBI's invitation to seize upon the word "generally" in *SCSC* and thereby create an exception to the general rule announced in that case.

During oral argument, CBI claimed that the district court had, by granting summary judgment for St. Paul, relieved St. Paul of its obligation to pay post-tender fees. The district court's order does not specifically address post-tender fees. We do not read that order, however, as foreclosing the parties from seeking continued access to the court in resolving the post-tender fee issue.[3]

## DECISION

The district court properly determined that St. Paul is not obligated to reimburse CBI for attorney fees incurred prior to the tender of defense.

**Affirmed.**

---

2. Paragraph four of the syllabus reads in part: "However, to invoke the duty to defend, the insured *must*, as a condition precedent, properly tender its defense request to its insurer." *SCSC,* 533 N.W.2d at 605 (emphasis added).

3. The parties dispute the exact date of tender. CBI fixes the date of tender at August 25, 1993; St. Paul states that tender did not occur until they received notice on September 3, 1993. In either case, it is clear that attorney fees were incurred after the defense was tendered.