No. 95-1980

C.J. Duffey Paper Company,         *
                                               *
     Appellee,                   *
                                             * Appeal from the United States
      v.                     * District Court for the
                                           * District of Minnesota.
Liberty Mutual Insurance Company, *
                                             *
     Appellant.                 *

Submitted:  November 17, 1995

Filed:  January 16, 1996

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Liberty Mutual Insurance Company ("Liberty Mutual") appeals the district court's order granting summary judgment for the plaintiff, C.J. Duffey Paper Company ("Duffey").  We reverse.

I.

Liberty Mutual issued a primary commercial general liability insurance policy to Hammermill Paper Company covering the period from January 1, 1988, to January 1, 1989.  The policy provided coverage for subsidiaries of Hammermill, including Thilmany Pulp & Paper Company, and included a vendor's endorsement that provided coverage for vendors of Hammermill products.  Duffey purchased a Hammermill paper product from Thilmany and sold the paper to Ebert Construction.  Ebert then installed the paper in Georgene and Ward Holasek's barn.

In 1988, the Holaseks' barn caught on fire, and they sued Duffey, Thilmany, and Ebert in 1989, alleging in part that the paper caused the barn to burn faster than it otherwise would have. Duffey, however, did not initially tender its defense to Liberty Mutual. Duffey first asked its primary insurer to defend the case, but the insurer refused. Duffey tendered its defense to Liberty Mutual on September 17, 1991, after learning about the vendor's endorsement during discovery. Liberty accepted the tender over a year later, agreeing to defend and indemnify Duffey for compensatory damages awarded in the Holasek's lawsuit. Liberty Mutual settled the Holasek lawsuit in 1993 and reimbursed Duffey for litigation expenses incurred on and after September 17, 1991.

Duffey then sued Liberty Mutual in federal court seeking reimbursement for attorneys' fees and costs incurred between 1989 and September 1991. The district court granted Duffey's motion for summary judgment and ordered Liberty Mutual to reimburse Duffey for those expenses. The court held that Liberty Mutual's duty to defend arose as soon as it learned that Duffey was a defendant in the Holaseks' lawsuit. Liberty Mutual appeals.

## II.

The issues set forth on appeal are simple and straightforward. Liberty Mutual argues that Duffey is not entitled to recover expenses incurred prior to September 17, 1991 because, under Minnesota law, it had no duty to defend until Duffey formally tendered its defense. Liberty Mutual contends that the district court erroneously endorsed a "constructive tender" rule and imposed an affirmative duty to inform Duffey about potential coverage under the vendor's endorsement. We agree.

## A.

The Minnesota Supreme Court has made it clear that "the formal tender of a defense request is a condition precedent to the recovery of attorneys' fees that a party incurs defending claims that a third party is contractually obligated to pay." SCSC Corp. v. Allied Mutual Ins. Co., 536 N.W.2d 305, 316 (Minn. 1995); see also Pedro Companies v. Sentry Ins., 518 N.W.2d 49, 51 (Minn. App. 1994). Liberty Mutual is therefore not required to reimburse Duffey for expenses incurred before Duffey tendered its defense. SCSC Corp., 536 N.W.2d at 317; Pedro Companies, 518 N.W.2d at 51-52 (holding insurer was not responsible for costs incurred defending a claim that was dismissed before insured tendered its defense).

The district court held that Liberty Mutual's duty to defend Duffey arose in May 1989, when it received a copy of the Holaseks' complaint. The court reasoned that the complaint acted as a constructive tender by notifying Liberty Mutual that Duffey, a Hammermill vendor, had been sued. We are unable to find any Minnesota case endorsing constructive tender, a rule that is antithetical to Minnesota's hard-and-fast requirement that only formal tender triggers the duty to defend. In fact, we believe that the Minnesota Supreme Court impliedly rejected constructive tender in SCSC Corporation v. Allied Mutual Insurance, 536 N.W.2d at 316, when it reversed a judgment awarding attorneys' fees for legal proceedings resulting from groundwater contamination. Id. at 305. SCSC had informed its insurer about the contamination a full year before formally requesting that the insurer defend and indemnify it for related legal expenses, but the court held that simply informing the insurer about the contamination did not trigger the duty to defend. Rather, "SCSC did not invoke this duty [to defend] until it properly tendered its defense request in the [second] letter." Id. at 317. The court reversed the judgment and remanded the case to the trial court to eliminate any expenses incurred prior to SCSC's formal tender request. Id. SCSC Corporation teaches that Liberty Mutual became responsible for

litigation expenses only after Duffey formally asked it to defend it on September 17, 1991; merely learning that the Holaseks had sued Duffey did not trigger Liberty Mutual's duty to defend.

## B.

The district court also held, and Duffey now argues, that Liberty Mutual was obligated to disclose potential coverage under the vendor's endorsement because, under Minnesota law, an insurer has a fiduciary duty to act in the best interests of those with whom it contracts and to disclose all material facts to them. Short v. Dairyland Ins. Co., 334 N.W.2d 384, 387 (Minn. 1983), and Klein v. First Edina National Bank, 196 N.W.2d 619, 622 (1972). Duffey implies that it would have tendered its defense to Liberty Mutual promptly after being notified of the provisions of the relevant policy, and the district court evidently acted on that assumption.

We are not convinced that Minnesota law requires an insurer to act at all times as a fiduciary with respect to those who contract for insurance with it. We need not resolve the issue, however, because Duffey never contracted with Liberty Mutual for insurance; Duffey was only a third-party beneficiary of the insurance contract between Hammermill and Liberty Mutual. Therefore, even if Minnesota law establishes an ongoing fiduciary relationship between the parties to an insurance contract, no such relationship existed between Liberty Mutual and Duffey. We know of no authority for imposing the extraordinary duties of a fiduciary on an insurance company under these circumstances.

## III.

For the foregoing reasons, we hold that Liberty Mutual is not obligated to pay litigation expenses Duffey incurred before September 17, 1991. We reverse the judgment of the district court and remand this case for proceedings consistent with this opinion.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.