# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3701

_____

Jeff Schmitz

*Plaintiff - Appellant*

v.

Sun Life Assurance Company of Canada

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 19, 2016
Filed: August 22, 2016

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Jeff Schmitz was terminated from his position at Banner Engineering, Inc., in July 2008, based on poor work performance. While Schmitz was employed at Banner, he was insured for long term disability under a group employee benefit plan pursuant to ERISA. The long term disability benefits were funded by an insurance policy issued by Sun Life Assurance Company. In October 2011, after he was

diagnosed with multiple sclerosis, Schmitz applied for long term disability benefits under the Sun Life policy. Schmitz asserted that the mental health and cognitive problems that caused his poor work performance at Banner were symptoms of his then-undiagnosed multiple sclerosis. Sun Life denied the application for disability benefits, as well as Schmitz's appeal of the denial, based on a determination that he was not disabled at the time his employment at Banner was terminated. Schmitz subsequently sued Sun Life seeking judicial review of the denial of long term disability benefits. He now appeals the district court's[1] grant of summary judgment in favor of Sun Life.

Because we conclude that Schmitz's lawsuit was untimely, we affirm.[2] The Sun Life policy required Schmitz to provide written notice of his claim within 30 days of the end of a set period of time (referred to as the elimination period), and to provide proof of his claim no later than 90 days after the end of the elimination period. The policy also included a limitations period requiring any lawsuit regarding benefits to be brought within 3 years of the date that proof of claim was required. See Munro-Kienstra v. Carpenters' Health & Welfare Tr. Fund of St. Louis, 790 F.3d 799, 802 (8th Cir. 2015) (though ERISA contains no statute of limitations for actions to recover benefits, parties may "agree[] to a reasonable limitations period in their contract"). The elimination period in this case ended on September 30, 2008, meaning proof of claim was due on December 29, 2008, and the statute of limitations

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

[2]The district court resolved this case by concluding that Sun Life had not abused its discretion in denying Schmitz's application for long term disability benefits. We can affirm the district court's judgment "on any ground supported by the record." Am. Family Mut. Ins. Co. v. Donaldson, 820 F.3d 374, 378–79 (8th Cir. 2016) (quoting MSK EyEs Ltd. v. Wells Fargo Bank, Nat'l. Ass'n, 546 F.3d 533, 540 (8th Cir. 2008)).

expired on December 29, 2011.  Schmitz did not file his lawsuit until March 2013, well after the contractual limitations period had expired.

Schmitz raises two arguments in support of the timeliness of his claim: first, he asserts that pursuant to Minnesota Statutes § 62A.04 subd. 2, proof of loss is not due until 90 days after the disability terminates.  This argument is precluded by Walker v. Hartford Life & Accident Ins. Co., No. 15-2570, 2016 WL 4087236, at *4 (8th Cir. Aug. 2, 2016), which held that § 62A.04 does not apply to group insurance policies like the one at issue here.  Second, Schmitz argues that Minnesota law requires Sun Life to prove that it was prejudiced by not receiving timely notice and proof of claim.  Cf. Pearce v. Paul Revere Life Ins. Co., No. CIV.01-665 PAM/RLE, 2002 WL 1976014, at *5 (D. Minn. Aug. 23, 2002) (citing North Star Mut. Ins. Co. v. Midwest Family Mut. Ins. Co., 634 N.W.2d 216, 220 (Minn. Ct. App. 2001)); Reliance Ins. Co. v. St. Paul Ins. Cos, 239 N.W.2d 922, 925 (Minn. 1976).  Though under Minnesota law an insurer is required to show prejudice before denying a claim for untimely notice, North Star, 634 N.W.2d at 220, that is not the issue presented by this case.  Here, the issue is whether Schmitz's *lawsuit* was filed within the contractual limitations period.  See Walker, 2016 WL 4087236, at *2. Minnesota law does not require a showing of prejudice in this context.  Id.

Because Schmitz did not file his lawsuit until after the limitations period set by the insurance policy had expired, we conclude that his lawsuit was untimely and affirm the judgment of the district court.

_____

-3-